[John Steele]
7085 Hearne Rd.
Cincinnati, Ohio [45248]
Transient foreigner with no earthly "domicile" or "residence"

JAN 2 0 2017

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
### Eastern District of Kentucky

| | |
|---|---|
| **United States of America**<br>**Plaintiff**<br><br>v.<br><br>[John Steele]<br><br>**Alleged Defendant** | Case No.: 3:16-95-GFVT<br><br>**MOTION TO DISMISS**<br>**& BRIEF IN SUPPORT THEREOF**<br>**PURSUANT TO**<br>**RULES 12(b)(1) AND 12(b)(6) OF THE**<br>**FEDERAL**<br>**RULES OF CIVIL PROCEDURE**<br><br>Date: 1/2/2017 |

1. Now Comes John K Steele, alleged defendant, not appearing but only participating under threat, duress and coercion, not submitting to the court's jurisdiction, who hereby moves this court to dismiss/quash for a lack of evidence there is jurisdiction over me. The indictment also fails to present and actual case and adversary. Failure to present the court a case deprives the court of jurisdiction. Grounds are further set forth below. The court is further requested to provide a full finding of fact and conclusions of law if the court denies this motion.

2. Alleged Defendant respectfully moves this Court pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss the claim raised by Plaintiff alleging a non-existent and unidentified statutory liability for income tax for various so-called taxable years 2000 through 2010.

3. In support of alleged Defendant's motion for this action to be dismissed on the basis of Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) this alleged Defendant first calls to the attention of this Court the applicable standards as follows:

4.　A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) tests the jurisdictional sufficiency of the complaint. "When ruling on a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." Ezekiel v. Michel, 66 F.3d 894, 897 (7th Cir. 1995). But "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." Capitol Lasing Co. v. F.D.I.C., 999 F.2d 188, 191 (7th Cir. 1993) (quoting Grafon Corp. v. Hausermann, 602 F.2d 781, 783 (7th Cir. 1979)), "The burden of proof on a 12(b)(1) issue is on the party asserting jurisdiction." Lewis v. BNSF Railway Co., 2015 U.S. Dist. LEXIS 107742, *6 (N.D. Ill. Aug. 17, 2015) (citation omitted).

5.　Rule 12(b)(6) also provides for dismissal of complaints that fail to set forth any viable claim upon which relief can be granted which is clearly true in the case at bar. Pro Fab Sheet Metal, Inc. v. Sheet Meteal Workers Int'l. Ass'n Local 20, 2014 U.S. Dist. LEXIS 132300, *5 (N.D. Ind. Sept. 19, 2015) (Van Bokkelen, J.) ("Dismissing a case is appropriate if the complaint sets forth no viable cause of action upon which relief can be granted." (citing Fed. R. Civ.P. 121(b)(6)). See also Pierce v. Zoetis, Inc., 818 F.3d 274, 276 (7th Cir. 2016) (affirming dismissal of complaint under Rule 12(b)(6) where complaint failed to state a claim.) Parham v. Beatty, 2009 U.S. Dist. LEXIS 3311, *4 (N.D. Ind. Jan. 16, 2009) (Van Bokkelen, J.)

6.　Based upon the above-cited standards for granting this alleged Defendant's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6), alleged Defendant alleges both a lack of jurisdiction of this Court and failure to state a claim based upon which relief can be granted because of Plaintiff's complete failure to establish in his summons the judicially-required prerequisite showing of a statutory liability for payment of income tax applicable to Alleged

Defendant upon which both the lack of jurisdiction (Rule 12(b)(1)) and failure to state a claim (Rule 12(b)(6)) are dependent. Indeed, in the Supreme Court decision by Justice Clarence Thomas in United Dominion Industries v. U.S., 542 U.S. 822 (2001) quoted as follows:

> *When the tax gatherer puts his finger upon the citizen, he must also put his finger upon the law permitting it.*

In his summons, Plaintiff has totally failed to provide any citation of Justice Thomas' Supreme Court requirement of a showing of a statutory (Code Section) requirement for him to file and pay income tax for any of the alleged years for which Plaintiff contends he owes and failed to file or pay. To the contrary, this alleged Defendant pleads that, both constitutionally and statutorily his non-taxpayer legal status has been even more firmly established in his AFFIDAVIT OF REVOCATION & RESCISSION which is on file as a public information document at getnotice.info/ste.html under Document No. STEARR0001 and Plaintiff's careful attention is called to the thirty-one statements and citations in support thereof contained in said Affidavit proving, as supported by numerous Supreme and appellate court decisions quoted herein, Defendant's constitutional and statutory non-taxpayer legal status as respects income tax imposed in Sub-Title A of Title 26, United States Code.

7. The Plaintiff has not provided any evidence in support of administrative efforts by the IRS prior to the filing of the Complaint which were directed at obtaining voluntary Cooperation from the Alleged Defendant in remedying the issues noted. Administrative remedies have not been exhausted, even though the Alleged Defendant has begged the government from the very beginning to meet with him and provide feedback to him about any mistakes or illegalities in any materials that are at issue, See: exhibit B. The government has never taken advantage of this offer, and has unilaterally proceeded without exhausting available administrative remedies. It is proceeding in bad faith, irresponsibly, and needlessly

clogging up this court when it could easily have handled things less formally. Therefore, the Plaintiff lacks standing and the instant case should be dismissed forthwith.

8. This Defendant's non-taxpayer legal status which has existed for his entire working life was also confirmed almost sixteen years ago on March 20, 2001 via his AFFIDAVIT OF STATUS AND RESCISSION OF SIGNATURES and REQEST FOR OFFICIAL DETERMINATION OF TAX STATUS, see exhibit B which is also filed as a public information document available to Plaintiff on the web site at www.getnotice.info under Document No. STEAFFS001. Plaintiff's attention to this fifty-six statement affidavit in further support of this Motion to Dismiss is also called. Alleged Defendant's repeated requests as contained in his 2001 affidavit over the past sixteen years for a citation of the constitutional or statutory law that proves subject matter or jurisdictional has been continuously met with only silence! This alleged Defendant's continuing education gave rise to his relatively recent filing of his AFFIDAVIT OF REVOCATION & RESCISSIOIN on the web site at www.getnotice.info under Document No. STEARR0001, as heretofore noted.

9. No evidence has been provided that an IRS agent has the authority to fill out a substitute for return 1040, for the alleged defendant.

10. No evidence has been provided that your government followed any of its own administrative procedures or that a valid form 23C summary record of assessment, form 17A, or a signed assessment certificate exist.

11. Kyle L. Bishop, has not presented any documented proof from his existing file, that I had volunteered myself into a condition of servitude to the United States, as would be required under the Thirteenth Amendment in order for me to have incurred the alleged obligations.

12. In further support of this motion, alleged Defendant notes for the attention of this Court that, at no time during his brief residence in a portable home trailer during the years

1996-2004 did his name appear as an owner in all or part of any of the real property as charged in this summons. Immediately following the last payment on the land contract which was made in 2004 with the former owners, Mr. and Mrs. James Rogers, the property was immediately deeded to my ex-wife, Kim Steele. This brief history of the alleged, but denied, ownership of property attributed to Defendant by Plaintiff is provided in support of this motion.

13. Accordingly, this alleged Defendant prays this Court rule that Plaintiff's inability to cite any constitutional or statutory liability for income tax applicable to Defendant provides more than necessary legal substance in support of this motion to dismiss for lack of jurisdiction under Rule 12(b)(1) as well as his inability in this complaint to set forth a viable cause of action upon which relief can be granted under Rule 12(b)(6).

Respectfully submitted,

_/s/ John Steele_
John Steele
Alleged Defendant
All Rights Reserved
Without Prejudice
UCC 1-308

## NOTICE OF SERVICE

**I HEREBY CERTIFY** that on this ___18___ day of January, 2017, a copy of the above pleading was mailed first-class, postage prepaid to:

Kyle L. Bishop, Esquire
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227
Washington, D.C. 20044
Attorney for Plaintiff

_/s/ John Steele_
John Steele