UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:16-cv-00095-GFVT |
| | ) | |
| V. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| JOHN K. STEELE, et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The United States filed the above-styled action at the request of the Internal Revenue Service, in an attempt to collect over two million dollars in federal income tax liabilities allegedly owed by Defendant John K. Steele. The United States also seeks to enforce certain federal tax liens against a tract of real property located in Bagdad, Kentucky. Defendant Steele, proceeding *pro se*, has moved to dismiss the complaint filed against him, arguing this Court lacks jurisdiction and suggesting he is exempt from the provisions of the Internal Revenue Code. For the reasons that follow, Steele's motion to dismiss will be DENIED.

**I**

In December 2016, the United States filed suit against John K. Steele, Kimberly A. Flake, Dutton & Salyers, PLLC, the Kentucky Department of Revenue, and Shelbyville Energy Cooperative. [R. 1.] The United States' action seeks to "collect certain unpaid federal income tax liabilities of the defendant, John K. Steele, and to enforce certain federal tax liens against certain real property located in Bagdad, Kentucky." [*Id.* at 1.] The complaint seeks to reduce Mr. Steele's alleged $2,861,096.54 in tax liabilities to judgment and to foreclose certain federal

tax liens.  [*Id.* at 3, 5.]

Defendant John Steele has filed a *pro se* motion entitled "Motion to Dismiss/Quash Indictment No Jurisdiction or Standing."  [R. 12.]  Mr. Steele has also attached a memorandum in support of his motion.  [R. 12-1.]  The motion is now fully briefed and ripe for the Court's review.  [*See* R. 21; R. 28.]

**II**

Defendant Steele moves to dismiss the United States' complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  [R. 12-1 at 1-2.]  He also maintains the United States cannot bring this action because it failed to exhaust its administrative remedies, and he suggests he is entitled to a "<u>non</u>-taxpayer legal status" which exempts him from the requirements of the Internal Revenue Code.  [*Id.* at 3; R. 28 at 3 (arguing the United States provides no evidence that he is a taxpayer as defined in 26 U.S.C. § 7701).]  The Court addresses each of these arguments in turn.

**A**

First, since the Court has jurisdiction over this action, Steele's Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction fails.  Federal courts are, indeed, courts of limited jurisdiction.  *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).  But pursuant to 28 U.S.C. § 1331, federal district courts enjoy subject-matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  And Congress has further clarified that federal district courts have original subject-matter jurisdiction over "any civil action arising under any Act of Congress providing for internal revenue."  28 U.S.C. § 1340.  *See also* 26 U.S.C. § 7402 (giving United States district courts jurisdiction to "render such judgments and decrees as may be necessary or appropriate for

2

the enforcement of the internal revenue laws"). The United States' action is plainly brought to enforce various provisions of the Internal Revenue Code and, thus, falls within the scope of these statutes. [*See* R. 1.]

In fact, 26 U.S.C. § 7403 explicitly provides for the present type of action to be filed in a court such as this one:

> In any case where there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof, whether or not levy has been made, the Attorney General or his delegate, at the request of the Secretary, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, or whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability.

26 U.S.C. § 7403(a). The complaint indicates the United States filed this action at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and also at the direction of a delegate of the Attorney General. [R. 1 at 1.] On the whole, it is clear that the Court has subject-matter jurisdiction over the Plaintiff's complaint, and Steele's motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) should be denied.

**B**

Steele also moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), for the United States' alleged failure to state a claim. This motion is also properly denied, because the United States appropriately pled a cause of action. Rule 12(b)(6) allows a Defendant to seek dismissal of a complaint which fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, as is now well known, "a complaint must contain sufficient factual matter, accepted as true, to 'state a

3

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Here, the United States has listed names of the relevant parties, assessment dates, assessment amounts, and the dates on which a notice of tax lien was filed. [R. 1 at 3.] The complaint also indicates that timely notices and demands for payment of the assessments were given to Defendant Steele, but that Steele has either neglected or refused to pay the liabilities in question. [*Id.*] Courts routinely deny 12(b)(6) motions to dismiss this type of federal tax action when complaints contain similar factual allegations. *See, e.g.*, *United States v. Rippl*, No. 1:16-cv-1139, 2016 WL 7410666, at *1 (N.D. Ohio Dec. 21, 2016) (collecting cases from various district courts). Because the United States' complaint in this case contains sufficient information to state a plausible claim, Steele's Rule 12(b)(6) motion fails.

### C

Steele next argues the United States cannot bring this action because it failed to exhaust its administrative remedies. The administrative remedies Steele would have the United States exhaust, however, are remedies of his own creation. Steele notes that he "has begged the government from the very beginning to meet with him" but that "the government has never taken advantage of this offer." [R. 12-1 at 3.] The record does show that Steele sent the Commissioner of Internal Revenue a letter in March 2001, requesting an "official IRS determination" of whether or not he was subject to the Internal Revenue Code and demanding a response from the Government within twenty days. [*See* R. 12-3.] But the United States is not required to interact with Steele in the way he has requested as a precursor to bringing this lawsuit.

As the United States explains in its response to Steele's motion to dismiss, a *taxpayer* is

required to exhaust certain administrative remedies before bringing a civil action against the Internal Revenue Service or IRS agents.  *See* 26 U.S.C. § 7433(d)(1).  Conversely, the Court is aware of no similar requirement imposed on the United States.  *See, e.g.*, *United States v. LeBeau*, No. 10-cv-817, 2012 WL 835160, at *4-5 (S.D. Cal. March 12, 2012) (finding a similar argument meritless).  This argument, too, is ultimately resolved in favor of the United States.

**D**

Finally, Steele suggests throughout his briefing that the lawsuit should be dismissed because the United States has not proven that he is subject to the provisions of the Internal Revenue Code in the first instance.  For example, Steele cites to an affidavit he created on March 20, 2001, as confirmation of his "non-taxpayer legal status which has existed for his entire working life" [R. 12-1 at 4; R. 12-2], and he argues the United States "provides no evidence that [he] is a taxpayer" as defined in 26 U.S.C. § 7701(a)(14).  [R. 28 at 3.]

Every individual who earns a threshold level of income must file a federal tax return.  *See* 26 U.S.C. § 6012(a)(1)(A); *see also United States v. Middleton*, 246 F.3d 825, 841 (6th Cir. 2001) (citing *Treglowne v. United States*, No. 99-cv-70323, 2000 WL 264677, at *7-8 (E.D. Mich. Jan. 21, 2000)).  Notably, Steele does not attempt to argue that he is exempt from the requirement to file a tax return based on his income level.  He instead suggests he is exempt from the provisions of the Internal Revenue Code altogether, without any explanation as to how or why this might be the case.  "It is not open to question that there is a legal duty to file tax returns."  *United States v. Taylor*, 991 F.2d 797 (Table), 1993 WL 94319, at *4 (6th Cir. March 29, 1993).  Steele has given the Court no reason to believe he is exempt or otherwise relieved from the requirements set forth in the Internal Revenue Code, 26 U.S.C. § 1, *et seq*., and his motion to dismiss on this basis is, once again, without merit.

## III

Therefore, for the reasons stated above and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Defendant John K. Steele's motion to dismiss [R. 12] is **DENIED**.

This the 13th day of March, 2017.

Gregory F. Van Tatenhove
United States District Judge