IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 3:16-cv-95-GFVT |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JOHN K. STEELE; *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST JOHN K. STEELE BY UNITED STATES OF AMERICA**

The United States filed this suit to reduce to judgment the federal income tax assessments made against John K. Steele, and to foreclose the corresponding tax liens against his interest in the property located at 1058 Jacksonville Road, Bagdad, Kentucky (the "Real Property"). Because no genuine issues of material fact remain for trial, and because the United States is entitled to judgment as a matter of law as to Steele's federal income tax liabilities, the Court should grant the United States' motion for partial summary judgment.

**I.      STATEMENT OF UNDISPUTED FACTS**

1.      A delegate of the Secretary of the Treasury made assessments against Steele for unpaid federal income taxes, penalties, and interest as set forth below:

| Tax Type | Tax Period Ending | Assessment Date(s) | Notice of Tax Lien Filed | Assessed Tax Amount | Total Amount Owed As of Oct. 31, 2016 |
|---|---|---|---|---|---|
| Form 1040 | 12/31/2000 | 12/11/2006 | 7/20/2007 | $8,777.00 | $24,207.62 |
| Form 1040 | 12/31/2001 | 12/11/2006 | 7/20/2007 | $236,921.00 | $675,845.05 |
| Form 1040 | 12/31/2003 | 12/11/2006 | 7/20/2007 | $232,935.00 | $600,981.18 |
| Form 1040 | 12/31/2004 | 12/11/2006 | 7/20/2007 | $209,549.00 | $517,832.51 |
| Form 1040 | 12/31/2005 | 2/11/2013 | 3/15/2013 | $90,842.00 | $206,501.72 |
| Form 1040 | 12/31/2006 | 2/11/2013 | 3/15/2013 | $212,519.00 | $453,750.64 |
| Form 1040 | 12/31/2007 | 2/11/2013 | 3/15/2013 | $132,977.00 | $9,029.70 |

| Tax Type | Tax Period Ending | Assessment Date(s) | Notice of Tax Lien Filed | Assessed Tax Amount | Total Amount Owed As of Oct. 31, 2016 |
|---|---|---|---|---|---|
| Form 1040 | 12/31/2008 | 2/11/2013 | 3/15/2013 | $38,547.00 | $2,481.41 |
| Form 1040 | 12/31/2009 | 2/11/2013 | 3/15/2013 | $23,131.00 | $1,405.72 |
| Form 1040 | 12/31/2010 | 2/11/2013 | 3/15/2013 | $1,298.00 | $1,558.05 |
| | | | | | |
| | | | | Total: | $2,861,096.54 |

(Exs. 1-2).

2.   Despite the notices and demands for payment of the assessments described in paragraph 1, above, Steele has failed to fully pay the amounts due for the tax years in question. (Ex. 2).

3.   Steele is indebted to the United States in the amount of $2,861,906.54 as of October 31, 2016, plus statutory additions accruing after that date. (Ex. 2).

## II.   STANDARD OF REVIEW

A party is entitled to summary judgment when no genuine disputes of material fact remain and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).  A factual dispute should only preclude the entry of summary judgment if it would change the outcome of the litigation. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Id. (emphasis original).

"[W]hen the moving party has carried its burden," the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts" in order to defeat that motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (internal citations omitted).  Instead, the non-moving party must show there is an issue of fact that remains for trial. Id.

2

**III.   ARGUMENT**

This motion for partial summary judgment seeks to reduce to judgment the federal income tax assessments made against Steele for the 2000, 2001, and 2003-2010 tax periods. The United States has put forth evidence showing unpaid assessments of federal income tax liabilities and statutory additions to tax made against Steele. (Compl. ¶ 10). Federal tax assessments are *prima facie* correct, and therefore shift the burden to the taxpayer to demonstrate they are incorrect. Because there is no dispute that Steele owes the tax and statutory additions to tax alleged in the complaint, judgment should be entered in favor of the United States and against Steele for those assessments.

    **A.   The Tax Assessments Made Against Steele Are Presumptively Correct, and Establish a *Prima Facie* Case of Tax Liability**

A certified assessment made by the Internal Revenue Service is a determination of an unpaid tax liability owed to the United States. United States v. Fior D'Italia, Inc., 536 U.S. 238, 242 (2002). These assessments receive a "legal presumption of correctness," and their entry into the record "establishes a *prima facie* case of a tax liability." Id., see also United States v. Hillman, 60 Fed. App'x 563, 563 (6th Cir. 2003).

Here, the Internal Revenue Service assessed federal income taxes against Steele for tax years 2000, 2001, and 2003-2010. The United States has submitted Certificates of Assessment with this motion. (Ex. 1). These certificates reflect the assessments of unpaid federal income taxes, penalties, and interest that were made by the United States against Steele. The United States has also submitted the declaration of Revenue Officer Pomatto, which establishes that Steele owes the United States $2,861,096.54 as of October 31, 2016, plus penalties, interest, and costs that have accrued and continue to accrue according to law. (Ex. 2).

  **B. Steele Must Meet the Burden of Demonstrating the Assessed Tax Liabilities Are Incorrect**

Once the United States establishes evidence of an assessment, the burden shifts to the taxpayer to demonstrate that the assessments are incorrect. United States v. Noble, 3 Fed. App'x. 331, 334 (6th Cir. 2001); United States v. Winsper, no. 3:08-cv-631, 2010 WL 2696645, at *1 (W.D. Ky. July 6, 2010).  Therefore, the burden of proof in this case now rests with Steele to come forward with evidence that shows that the assessments made by the United States against him are incorrect, or that he has paid his tax liabilities.  In the absence of such a showing, the United States is entitled to partial summary judgment.

**IV. CONCLUSION**

As set forth above, the United States has shown that Steele is indebted to the United States for unpaid federal income taxes, penalties, and interest in the amount of $2,861,096.54 as of October 31, 2016, plus statutory additions that have accrued and will continue to accrue according to law.  Therefore, the United States is entitled to partial summary judgment against Steele for those balances.

Date:   May 1, 2017       Respectfully submitted,

               DAVID A. HUBBERT
               Acting Assistant Attorney General

               /s/ Kyle L. Bishop
               KYLE L. BISHOP
               Trial Attorney, Tax Division,
               U.S. Department of Justice
               Ben Franklin Station, Post Office Box 227
               Washington, D.C. 20044
               Telephone: 202-616-1878
               Email: kyle.l.bishop@usdoj.gov
               DC Bar #999007