| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>V.<br><br>JOHN K. STEELE, KIMBERLY A. FLAKE, DUTTON & SALYERS, PLLC, KENTUCKY DEPARTMENT OF REVENUE, and SHELBY ENERGY COOPERATIVE, INC.<br><br>    Defendants. | )<br>)<br>)   Civil No. 3:16-cv-00095-GFVT<br>)<br>)<br>)<br>)   **MEMORANDUM OPINION**<br>)   **&**<br>)   **ORDER**<br>)<br>) |

\*\*\*    \*\*\*    \*\*\*    \*\*\*

      Defendant John K. Steele considers himself a "sovereign citizen," and throughout this pending matter has contested the Court's jurisdiction over him, citing incorrect, and sometimes nonsensical, statements of law to support his belief. This matter arises from Mr. Steele's failure to pay federal income tax to the Government of the United States of America. In their complaint, Plaintiff United States, suing here on behalf of the Internal Revenue Service, makes two predominant requests: (1) a judgment of Mr. Steele's indebtedness to the United States of America, and (2) a tax lien and foreclosure on Mr. Steele's property located in Bagdad, Kentucky. [R. 1 at 4–5.] Today, the United States has moved for Partial Summary Judgment as to Mr. Steele's indebtedness, claiming that Mr. Steele is indebted to the United States for unpaid federal income taxes, penalties, and interest in the amount of $2,861,096.54 as of October 31, 2016, plus statutory additions that have accrued and will continue to accrue according to law. [R. 41-1 at 4.] For the following reasons, the United States' Motion for Partial Summary Judgment is granted.

# I

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "A genuine dispute exists on a material fact, and thus summary judgment is improper, if the evidence shows 'that a reasonable jury could return a verdict for the nonmoving party.'" *Olinger v. Corp. of the President of the Church*, 521 F. Supp. 2d 577, 582 (E.D. Ky. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Stated otherwise, "[t]he mere existence of a scintilla of evidence in support of the Plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the Plaintiff." *Liberty Lobby*, 477 U.S. at 252.

The moving party has the initial burden of demonstrating the basis for its motion and identifying those parts of the record that establish the absence of a genuine issue of material fact. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). The movant may satisfy its burden by showing "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant has satisfied this burden, the non-moving party must go beyond the pleadings and come forward with specific facts demonstrating the existence of a genuine issue for trial. Fed. R. Civ. P. 56; *Hall Holding*, 285 F.3d at 424 (citing *Celotex*, 477 U.S. at 324). Moreover, "the nonmoving party must do more than show there is some metaphysical doubt as to the material fact. It must present significant probative evidence in support of its opposition to the motion for summary judgment." Hall Holding, 285 F.3d at 424 (internal citations omitted).

When applying the summary judgment standard, the Court must review the facts and draw all reasonable inferences in favor of the non-moving party. *Logan v. Denny's, Inc.*, 259

F.3d 558, 566 (6th Cir. 2001) (citing *Liberty Lobby*, 477 U.S. at 255). However, the Court is under no duty to "search the entire record to establish that it is bereft of a genuine issue of material fact." *In re Morris*, 260 F.3d 654, 655 (6th Cir. 2001). Rather, "the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact." *Id*.

## II

A "Certificate of Assessment" is a determination from the Internal Revenue Service ("IRS") that a taxpayer owes the Federal Government a sum of unpaid taxes. *United States v. Flor D'Italia, Inc.*, 536 U.S. 238, 242 (2002). Such an assessment is afforded "a legal presumption of correctness" between the United States and a taxpayer in court. *Id.* at 242–43 (citing *United States v. Janis*, 428 U.S. 433, 440 (1976); *Palmer v. IRS*, 116 F.3d 1309, 1312 (9th Cir. 1997); *Psaty v. United States*, 442 F.2d 1154, 1160 (3rd Cir. 1971); *United States v. Lease*, 346 F.2d 696, 700 (2nd Cir. 1965)); *United States v. Walton*, 909 F.2d 915, 918 (6th Cir. 1990). Following this presumption, the taxpayer has the burden of proving, by a preponderance of evidence, the Certificate of Assessment is "arbitrary and excessive." *Walton*, 915 F.2d at 918 (citing *Helvering v. Taylor*, 293 U.S. 507 (1935); *Traficant v. Commissioner*, 884 F.2d 258, 263 (6th Cir. 1989); *Calderone v. United States*, 799 F.2d 254, 258 (6th Cir. 1986)).

In their motion, the United States provided Certificates of Assessment reflecting the IRS Commissioner's assessments of unpaid federal income taxes, penalties, and interests owed by Mr. Steele to the United States for the tax years of 2000, 2001, 2003, 2004, 2005, 2006, 2007, 2008, 2009, and 2010. [R. 41-3.] The United States also filed a sworn statement of Rebecca Pomatto, Revenue Officer with the IRS, stating Mr. Steele's indebtedness to the United States totaled $2,861,906.54 as of October 31, 2016. [R. 41-4.]

3

In his response, Mr. Steele repeatedly disputes the accuracy of the Certificates of Assessment, as well as any claims that Mr. Steele owes the Government any money, by continually denying his obligation to pay federal income taxes. [R. 47.] This is simply incorrect. Title 26 U.S.C. § 1 "imposes an income tax on the income of every individual who is a citizen or resident of the United States and . . . on the income of nonresident alien individuals." 26 C.F.R. § 1.1-1(a)(1). Mr. Steele has not provided any information to show he is not a United States citizen or resident. Thus, regardless of how many times Mr. Steele refutes the law, Mr. Steele has an obligation to pay federal income taxes under 26 U.S.C. § 1.

More important, nowhere in Mr. Steele's response does he attempt to prove the Certificates of Assessment are "arbitrary and excessive," as required under *Walton*. 915 F.2d at 918. Nor does Mr. Steele point to any genuine issue of material fact; indeed Mr. Steele remains focused on incoherent legal claims instead of responding to the United States' exhibits and calculations. Mr. Steele has provided no contrary evidence to refute the United States' position, nor has he pointed to any facts disputing the assertions of the United States as to his indebtedness to the government. This Court has no duty to search the record for any potential genuine issue of material fact. *In re Morris*, 260 F.3d 654, 655 (6th Cir. 2001). To survive a summary judgment motion, Mr. Steele had the affirmative duty to direct this Court to specific portions in the record where Mr. Steele believes is a genuine issue of material fact. *Id.* Mr. Steele's only mention of the record is the United States' Motion for Partial Summary Judgment, to which he is responding and vehemently refuting. Mere opinion of the falsity of an opposing party's statements is simply not enough to provide a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**III**

Accordingly, and the Court sufficiently advised, it is hereby **ORDERED** that the Plaintiff United States' Motion for Partial Summary Judgment against Defendant Steele [R. 41] is **GRANTED**, and this Court finds that Mr. Steele is indebted to the United States for unpaid federal income taxes, penalties, and interest in the amount of $2,861,096.54 as of October 31, 2016, plus statutory additions that have accrued and will continue to accrue according to law.

This the 3d day of January, 2018.

Gregory F. Van Tatenhove
United States District Judge