c/o [John Steele]
7085 Hearne Rd.
Cincinnati, Ohio [45248]
johnksteele@msn.com
502-643-5229
Transient foreigner with no earthly "domicile" or "residence"



FILED
MAR 15 2018
AT FRANKFORT
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY

**UNITED STATES OF AMERICA,**
  Plaintiff,

v.

**[John K. Steele],**
**Alleged Defendant.**

**CASE NO. 3:16-CV-95-GFVT**

**Motion to Dismiss
For Lack of
*subject-matter* Jurisdiction**

## Defendant's Motion to Dismiss
## For Lack of *subject-matter* Jurisdiction

1.   Comes now, John Steele, Defendant, in the above identified action, who in answer to the complaint, hereby files this *Motion to Dismiss for Lack of Subject-Matter Jurisdiction*, under the Federal Rules of Civil Procedure, Rule 12(b)(1), moving this honorable court to dismiss the Plaintiff's complaint **with prejudice,** for a complete **lack** of *subject-matter jurisdiction* of the district court to enforce *unapportioned* direct taxation under the 16th Amendment, as a new taxing power created thereunder, for irrefutable lack of an *enabling enforcement clause* in that Amendment that would authorize the Congress to write law thereunder to enforce any new taxing power alleged to have been newly created thereunder.

> "The law provides that once State and Federal Jurisdiction has been challenged,
> it must be proven." *Maine v Thiboutot,* 100 S. Ct. 2502 (1980)

"Once challenged, jurisdiction cannot be assumed, it must be proved to exist."
*Stuck v. Medical Examiners*, 94 Ca.2d 751. 211 P.2d 389.

2. The administrative claim for tax, as administratively practiced and operationally pursued for collection and enforcement by the Internal Revenue Service with respect to the Defendant and the tax in dispute in this action, and *as specifically argued* by the Plaintiff United States in its *Complaint*, and as *ordered by the court* in its *Opinion*, is wrongfully pursued for judicial enforcement by the plaintiff, as a **direct tax without apportionment**, *United States v. Collins*, 920F.2d 619, 629 (10th Cir. 1990), **outside of** the constitutionally *enforceable* Article I taxing authorities of the *Impost, Duty* and *Excise* taxation that is made enforceable by both Constitution and statute.

3. It is irrefutable that the claims of the plaintiff are wrongfully made for the payment a *direct unapportioned* tax, fraudulently alleged to be newly authorized under the 16th Amendment. Here is the plaintiff's legal position, verbatim, from their published *Frivolous Positions Paper*.

---

**6. Contention: The Sixteenth Amendment does not authorize a direct non-apportioned federal income tax on United States citizens.**

Some assert that the Sixteenth Amendment does not authorize a direct non-apportioned income tax and thus, U.S. citizens and residents are not subject to federal income tax laws.

---

**The Law:** The constitutionality of the Sixteenth Amendment has invariably been upheld when challenged. And numerous courts have both implicitly and explicitly recognized that the Sixteenth Amendment authorizes a non-apportioned direct income tax on United States citizens and that the federal tax laws as applied are valid. In United States v. Collins, 920 F.2d 619, 629 (10th Cir. 1990), cert. denied, 500 U.S. 920 (1991), the court cited to Brushaber v. Union Pac. R.R., 240 U.S. 1, 12-19 (1916), and noted that the U.S. Supreme Court has recognized that the "sixteenth amendment authorizes a direct nonapportioned tax upon United States citizens throughout the nation."

> **Relevant Case Law:**
> In re Becraft, 885 F.2d 547 (9th Cir. 1989) – the court affirmed a failure to file conviction, rejecting the taxpayer's frivolous position that the Sixteenth Amendment does not authorize a direct non-apportioned income tax.
>
> United States v. Collins, 920 F.2d 619, 629 (10th Cir. 1990) – the court found defendant's argument that the Sixteenth Amendment does not authorize a direct, non-apportioned tax on United States citizens similarly to be "devoid of any arguable basis in law."
>
> Lovell v. United States, 755 F.2d 517, 518 (7th Cir. 1984) – the court rejected the argument that the Constitution prohibits imposition of a direct tax without apportionment, and upheld the district court's frivolous return penalty assessment and the award of attorneys' fees to the government "because [the taxpayers'] legal position was patently frivolous." The appeals court imposed additional sanctions for pursuing "frivolous arguments in bad faith."
>
> Broughton v. United States, 632 F.2d 706 (8th Cir. 1980) – the court rejected a refund suit, stating that the Sixteenth Amendment authorizes imposition of an income tax without apportionment among the states.
>
> Stearman v. Commissioner, T.C. Memo. 2005-39, 89 T.C.M. (CCH) 823 (2005), aff'd, 436 F.3d 533 (5th Cir. 2006) – the court imposed sanctions totaling $25,000 against the taxpayer for advancing arguments characteristic of tax-protester rhetoric that has been universally rejected by the courts, including arguments regarding the Sixteenth Amendment. In affirming the Tax Court's holding, the Fifth Circuit granted the government's request for further sanctions of $6,000 against the taxpayer for maintaining frivolous arguments on appeal, and the Fifth Circuit imposed an additional $6,000 sanctions on its own, ...

4. By this published policy statement, it is absolutely **irrefutable** that the plaintiff United States **only** assess the personal income tax **as a *direct*** tax **without** *apportionment*. This *policy* statement, from the IRS' "*Frivolous Arguments*" document, is what is put forth to the American People as the LAW that is **openly enforced** in the operational institutional *defacto practice*, that is wrongfully undertaken by all of the IRS Agents and Officers today.

5. The fact that the U.S. Constitution **never** gives Congress the authority to write law with respect to the enforcement of this alleged *direct* taxing power that is falsely *practiced;* - *allegedly* created under the 16th Amendment **without an** accompanying *enforcement authority* to properly fully establish any court's ability to take a granted *subject-matter jurisdiction* of the court, that could be taken over any civil action that was allegedly based in a new taxing *power* allegedly conferred under authority of the 16th Amendment alone; - is apparently just ignored by the employees of the I.R.S., the attorneys of the DOJ, and now this district court; - in **blatant violation** of the Supreme Law of the Land, - in the hope that the defendant litigants are to ignorant about the fundamental constitutional requirements of the law controlling the ability of a federal court to properly and lawfully take a fully granted *subject-matter jurisdiction* of the court over a particular and specific claim for the payment of tax, that is made by the United States in a *Complaint* that is filed in the district court to pursue the enforced payment of an alleged tax by *Order of the Court*.

> A court may not render a judgment which transcends the limits of its authority, and a judgment is void if it is beyond the powers granted to the court by the law of its organization, even where the court has jurisdiction over the parties and the subject matter. Thus, if a court is authorized by statute to entertain jurisdiction in a particular case only, and undertakes to exercise the jurisdiction conferred in a case to which the statute has no application, the judgment rendered is void. The lack of statutory authority to make particular order or a judgment is akin to lack of subject matter jurisdiction and is subject to collateral attack. 46 Am. Jur. 2d, Judgments § 25, pp. 388-89.

6. Furthermore, neither the plaintiff nor the court have plainly and clearly properly **identified** on the record of the action the complete and full *subject-matter jurisdiction* of the district court that is alleged to exist, to be taken over the civil action by the court; which identification **must** include the clear and **specific** identification of **all <u>three</u>** of the required elements of a **properly** and **fully** *constitutionally* granted *subject-matter jurisdiction* of the court that may be legitimately taken over this tax enforcement action by the plaintiff United States, *i.e.*:

(1) A specific <u>power must be granted</u> by the Constitution or Amendment for
 Congress to exercise;

    (2) a specific **grant** of authority for Congress **to write law** must be made by the Constitution or Amendment, with respect to the administration and enforcement of the **specific power** granted in (#1) above[1]; and,

    (3) a specific statute must be <u>legislatively enacted</u> by an **authorized** Congress, with specific application to the enforcement of the specific *power* alleged granted and exercised in (#1) above, and **made *enforceable*** with law from a so-authorized Congress, under (#2) above.

7. The subject matter jurisdiction of the court cannot be taken under an *Opinion* as **erroneously** argued by the plaintiff. It requires a specific grant of a constitutional power that is not only granted, but which is also made *enforceable* by an applicable **enabling enforcement clause** of the U.S. Constitution.

8. The subject matter jurisdiction of the court also **cannot** be taken under **only** (a) statute(s).

> A court may not render a judgment which transcends the limits of its authority, and a judgment is void if it is beyond the powers granted to the court by the law of its organization, even where the court has jurisdiction over the parties and the subject matter. Thus, if a court is authorized by statute to entertain jurisdiction in a particular case only, and undertakes to exercise the jurisdiction conferred in a case to which the statute has no application, the judgment rendered is void. The lack of statutory authority to make particular order or a judgment is akin to lack of subject matter jurisdiction and is subject to collateral attack. 46 Am. Jur. 2d, Judgments § 25, pp. 388-89.

9. There is no new *subject-matter jurisdiction* established under the 16th Amendment for the federal courts to take over "*income*", to enforce a ***direct*** tax against an individual *person,* as opposed to enforcing it against the "*several States*" as required by Article I, Section 2, clause 3, - for complete lack of any *enabling enforcement clause in th*e 16th Amendment that would constitutionally **authorize the Congress to write law** to enforce a direct unapportioned tax on the individual *person* under authority of the Amendment, instead of Article I. The court can

---

[1] *i.e.*: a specific <u>*enabling enforcement clause*</u> of the Constitution, **or one of its** Amendments, must be shown to have been made applicable to the **specific** *taxing power* alleged *constitutionally* granted, and *operationally practiced* under (#1) above;

only enforce the **indirect** *impost, duty or excise* taxing powers that the income tax has been repeatedly upheld as by the U.S. Supreme Court, under Article I of the U.S. Constitution.

> "by the previous ruling [*Brushaber v Union Pacific R. Co.*] it was settled that the provisions of the Sixteenth Amendment conferred no new power of taxation but simply prohibited the previous complete and plenary power of income taxation possessed by Congress from the beginning from being taken out of the **category** of **indirect** **taxation** to which it **inherently belonged**" *Stanton v. Baltic Mining Co.*, 240 U.S. 103 (1916), at 112

10. By operating under the 16th Amendment, to pursue the imposition, assessment, collection, payment, and enforcement of a *direct unapportioned* tax on *income*, - rather than operating under Article I, Section 8, in the pursuit of a uniform indirect *impost, duty,* or *excise,* - the Internal Revenue Service **absolutely strips** the federal courts of the ability to take a fully granted *subject-matter jurisdiction*; - which is necessary and required for the federal courts, both district and appellate, to be able to take and hold jurisdiction over any claim made in any civil action. The court lacks a granted *subject-matter jurisdiction* to enforce the claims of the Plaintiff, **as made** and **argued** in the Plaintiff's Complaint, and as operationally pursued in practiced for collection and enforcement by the plaintiff's I.R.S., *i.e.*: as a *direct unapportioned* tax allegedly authorized under the 16th Amendment on all *persons* without any of the past *constitutional* limitations that applied to federal, and all *direct*, taxation. The tax was wrongfully assessed against the Defendant in this dispute as a *direct* tax, outside of all granted constitutional authority to tax American citizens.

> "The law provides that once State and Federal Jurisdiction has been challenged, it must be proven ... Jurisdiction, once challenged, cannot be assumed and must be decided " *State of Maine et al. v. Joline Thiboutot, et vir., etc.*, 448 U.S. 1 (100 S.Ct. 2502, 65 L.Ed.2d 555) (1980).

11. This irrefutable **lack** of *subject-matter jurisdiction* of the district court, to enforce law with respect to the enforcement of a *direct unapportioned* tax under the 16th Amendment, as has been irrefutably practiced by the Plaintiff United States and imposed on the Defendant in this case, is based in the irrefutable lack of any critical and required **enabling** *enforcement clause* in the 16th Amendment, to allow and authorize the Congress to write law for the federal

district courts to invoke and rely on, to take jurisdiction over the legal civil action to enforce the allegedly *direct unapportioned* tax on *income* that is pursued in the instant subject Complaint **under the 16th Amendment**, and **not** under Article I.

> "There is no discretion to ignore lack of jurisdiction." *Joyce v. U.S.*, 474 F.2d 215 (1973).

12. Direct taxation of the American people, and their income, is still prohibited under Article I, Section 2, clause 3, and Article I, Section 9, clause 4 of the U.S. Constitution, unless the tax is laid in proportion to the last census, and is apportioned to the *"several States"* for collection. The 16th Amendment does **not** remove these unrepealed and unamended limitations on *direct* taxation.

> "...We admit, as all must admit, that the powers of the government **are limited**, and that its limits are **not to be transcended**. But we think the sound construction of the constitution must allow to the national legislature that discretion, with respect to the means by which the powers it confers are to be carried into execution, which will enable that body to perform the high duties assigned to it, in the manner most beneficial to the people. Let the end be legitimate, let it be **within** the **scope** of the constitution, and all means which are appropriate, which are plainly adapted to that end, **which are not prohibited**, but **consistent** with the **letter** and **spirit** of the constitution, are constitutional ..." *McCulloch v. State of Maryland*, 17 U.S. 316 (1819) [i]

13. The 16th Amendment also, does **not** provide for, or authorize, the *direct* taxation of income without these extant limitations and controls on direct taxation, because the Amendment does not actually contain the word "*direct*" in describing the tax on income that is authorized under the Amendment; and because the *McCulloch v. State of Maryland*, 17 U.S. 316 (1819) decision prohibits the use of the Constitution's enforcement authorities to effect the exercise or enforcement of governmental powers that are either actually **prohibited by the Constitution** or that are inconsistent with the **letter** and **spirit** of the constitution and its system of *limitations* on governmental powers and the taxing authorities, *i.e.*: all *indirect* taxes must be *uniform*, and all *direct* taxes must be proportionately laid under the census and apportioned for payment to the *"several States"*.

> "The Congress "shall have power to lay and collect taxes, duties, imposts and excises." Art. 1, § 8. If the tax is a direct one, it shall be apportioned according to the census or enumeration. If it is a duty, impost, or excise, it shall be uniform throughout the United States. Together, these classes include every form of tax appropriate to sovereignty. *Cf. Burnet v. Brooks,* 288 U. S. 378, 288 U. S. 403, 288 U. S. 405; *Brushaber v. Union Pacific R. Co.,* 240 U. S. 1, 240 U. S. 12." *Steward Mach. Co. v. Collector,* 301 U.S. 548 (1937), at 581.

14. The limitations and extant requirements and prohibitions on *direct taxation,* are thus not removed by the 16th Amendment, to allow the unlimited *direct* taxation of income without apportionment that has been administratively imposed on the Defendant in this case through the *defacto* operational practices of the IRS.

> "The [income] tax being an *excise,* its imposition must conform to the canon of uniformity. There has been no departure from this requirement. According to the settled doctrine the uniformity exacted is geographical, not intrinsic. *Knowlton v. Moore, supra,* p. 178 U. S. 83; *Flint v. Stone Tracy Co., supra,* p. 220 U. S. 158; *Billings v. United States,* 232 U. S. 261, 232 U. S. 282; *Stellwagen v. Clum,* 245 U. S. 605, 245 U. S. 613; *LaBelle Iron Works v. United States,* 256 U. S. 377, 256 U. S. 392; *Poe v. Seaborn,* 282 U. S. 101, 282 U. S. 117; *Wright v. Vinton Branch Mountain Trust Bank,* 300 U. S. 440." *Steward Mach. Co. v. Collector,* 301 U.S. 548 (1937), at 583

15. Previous to the adoption of the 16th Amendment the taxation of *income* had been repeatedly upheld as a legitimate exercise of the **indirect** taxing powers given to Congress, to tax by *excise* under authority granted by Article I, Section 8. see *Springer v. U. S.,* 102 U.S. 586, 26 L. ed. 253 (1880); *Pollock v. Farmer's Loan & Trust,* 158 U.S. 601, (1895); *Pacific Ins. Co. v. Soule,* 7 Wall. 433, 19 L. ed. 95; *Spreckels Sugar Ref. Co. v. McClain,* 192 U.S. 397, 48 L. ed. 496, 24 Sup. Ct. Rep. 376.; *Flint v. Stone Tracy Co.,* 220 U.S. 107 (1911); *Stratton's Independence, Ltd. v. Howbert,* 231 U.S. 399, at 416-417 (1913), *Steward Mach. Co. v. Collector,* 301 U.S. 548 (1937).

16. Defendant herein requests and formally demands, under the Federal Rules of Civil Procedure, Rule 12(b)(1), that such a showing of the specific *subject-matter jurisdiction* of the district court to enforce *direct unapportioned* taxation on *income,* now be made in this action, and be made a formal part of the record of these proceedings; or, on the contrary, that this

action be immediately dismissed with *prejudice* for lack of the required *subject-matter jurisdiction* of the district court to entertain any further these proceedings to enforce under the 16th Amendment the collection and payment of a direct unapportioned tax.

> The Supreme Court has repeatedly told the federal judiciary it may not rely on a conclusive presumption to find against a defendant on an essential element of a cause of action. *See Sandstrom v. Montana*, 442 U.S. 510, 521-523, 99 S.Ct. 2450, 2458-2459 (1979); *Stanley v. Illinois*, 405 U.S. 645, 654-657, 92 S.Ct. 1208, 1214-1216 (1972); *Heiner v. Donnan*, 285 U.S. 312, 325-29, 52 S.Ct. 358, 360-362 (1932); *Schlesinger v. State of Wisconsin*, 270 U.S. 230, 46 S.Ct. 260 (1926); *Tot v. United States*, 319 U.S. 463, 468-69, 63 S.Ct. 1241, 1245-1246 (1943); *Vlandis v. Kline*, 412 U.S. 441, 446, 93 S.Ct. 2230, 2233 (1973); *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 318-19, 119 S.Ct. 1961, 1977 (1999), and *Jones v. Bolles*, 76 U.S. 364, 368 (1869).

17. **Without** this **essential** *enabling enforcement clause* in the 16th Amendment to authorize the Congress to write law, and without access to the application of the *Necessary and Proper* enforcement powers of Article I (for lack of consistency with the Constitution within the application); - to give the federal courts the statutory authority that is absolutely necessary to provide the federal courts with the ability to legitimately take a *subject-matter jurisdiction* over this civil action; - to enforce under alleged authority of the 16th Amendment a *direct unapportioned* tax on *income*; - **then**, there is an irrefutable consequential resulting **lack** of the specific constitutional authority necessary for the Congress to write law for the district court to invoke to take jurisdiction under, to entertain this action to enforce the *income* tax as the *direct unapportioned* tax on income that has been argued by the Plaintiff, and admittedly imposed in factual **operational practice** by the Internal Revenue Service in this case; - who does not limit itself to the enforcement of the *income* tax under the *indirect* Article I, Section 8, taxing authorities, - as an *indirect impost, duty* or *excise*; but rather seeks in the district court the enforcement and payment of the federal personal income tax by the Defendant as a *direct unapportioned* tax under alleged authority of the 16th Amendment.

18. Thus, the court plainly and clearly **lacks** the ***subject-matter jurisdiction*** necessary to allow it to continue entertaining proceedings in this civil action, and it must therefore dismiss the entire action with *prejudice*.

> "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking. 28 U.S.C.A. §1332."

19. In this civil action, it is irrelevant that the income tax **is** constitutional as an *indirect* tax under Article I, Section 8, clause 1, as an *impost, duty,* or *excise*; and it is also irrelevant that the district court **does** and **would** possess the *subject-matter jurisdiction* necessary to enforce those *indirect* taxing powers under the *Necessary and Proper* enforcement clause of Article I, Section 8, clause 18, - **if only** the enforcement of **some** *impost, duty,* or *excise* was being pursued in this action. But it is not.

> "Federal courts are courts of limited jurisdiction. They possess only power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkenen V. Guardian Life ins. Co. of America,* 511 US 375 (1994)

20. These "indirect tax" facts are **all** irrelevant to this civil action, because in this action, **that** is **not** the manner in which the I.R.S. operationally applied the taxing powers and tax enforcement authorities to the Defendant and his income within its *defacto Notice* operations and collection enforcement practices. In this case the Plaintiff United States (IRS) has applied the power to tax income as a *direct unapportioned* tax on income authorized under the 16th Amendment without any limitations.

21. In this case the Plaintiff United States does not attempt the enforcement of any constitutionally authorized *indirect* tax under Article I, which this honorable district court could enforce; **but rather** has both operated to impose, and argued for the enforcement of, a *direct unapportioned* tax under the 16th Amendment that this district court **cannot enforce,** for **lack** of the ability of the district court to show and establish its *subject-matter jurisdiction* over the action, through an applicable statute that enforces that *direct unapportioned* taxing power allegedly granted under the Amendment. No **applicable** law can be produced or shown,

because none can exist without an *enabling enforcement clause* in the 16th Amendment authorizing Congress to write one!

> "The burden shifts to the court to prove jurisdiction." *Rosemond v. Lambert*, 469 F.2d 416

> "If parties do not raise question of lack of jurisdiction, it is the duty of the federal court to determine the manner *sua sponte*. 28 U.S.C.A. §1332."

22. There is a plain and clear, irrefutable lack in the 16th Amendment of any enabling *enforcement clause* that would **_constitutionally_ authorize** the Congress to write statutes, to give the federal courts the ability to take a *subject-matter jurisdiction* over this civil action, sufficient to enforce the imposition, collection, payment, or enforcement of a *direct unapportioned* income tax imposed and enforced solely under authority of the 16th Amendment without any limitations on the *direct* taxing power, as has been both practiced, executed, and argued in this matter.

23. The 16th Amendment **does not contain** an *enabling enforcement clause* to authorize Congress to write law under authority of the Amendment to enforce any new power alleged granted. Therefore, the Congress can write no law to enforce any power allegedly newly created under the 16th Amendment inconsistent with the other provisions of the Constitution[2]. Without applicable law, there is no statute under which the district court can establish or take a *subject-matter jurisdiction* sufficient to entertain the civil action any further. It must now be dismissed.

> "Once jurisdiction is challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but rather should dismiss the action." Melo v. U.S., 505 F.2d 1026

24. The 16th Amendment plainly and clearly states:

---

[2] *McCulloch v. State of Maryland*, 17 U.S. 316 (1819)

**16th Amendment**

Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several states, and without regard to any census or enumeration.

25. Irrefutably, **there is no enabling *enforcement clause*** in the 16th Amendment granting the power to Congress to write law, under which the district court would be allowed and authorized to take jurisdiction over a civil claim made under alleged authority of, or power granted by, the Amendment; **nor to enforce** any taxing power granted, or any tax imposed, with regards to the *direct unapportioned* taxation of income under sole authority of the Amendment.

> It remains rudimentary law that "[a]s regards all courts of the United States inferior to this tribunal, **two things are necessary to create jurisdiction,** whether original or appellate. **The Constitution must have given to the court the capacity to take it**, *and an act of Congress must have supplied it* .... To the extent that such action is not taken, the power lies dormant." *The Mayor v. Cooper,* 6 Wall. 247, 252, 18 L.Ed. 851 (1868); accord, *Christianson v. Colt Industries Operating Co., 486 U.S. 800,* 818, 108 S.Ct. 2166, 2179, 100 L.Ed.2d 811 (1988); *Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368,* 379-380, 101 S.Ct. 669, 676-677, 66 L.Ed.2d 571 (1981); *Kline v. Burke Construction Co.,* 260 U.S. 226, 233-234, 43 S.Ct. 79, 82-83, 67 L.Ed. 226 (1922); *Case of the Sewing Machine Companies,* 18 Wall. 553, 577-578, 586-587, 21 L.Ed. 914 (1874); *Sheldon v. Sill,* 8 How. 441, 449, 12 L.Ed. 1147 (1850); *Cary v. Curtis,* 3 How. 236, 245, 11 L.Ed. 576 (1845); *McIntire v. Wood,* 7 Cranch 504, 506, 3 L.Ed. 420 (1813). *Finley v. United States,* 490 U.S. *545* (1989).

26. The specific grant of Congressional legislative enforcement powers, made through the adoption of a very specific "*enabling enforcement clause*" that is specifically included as part of an Amendment's adoption, is **included** in **all** of the Amendments to the United States Constitution where any enforcement powers **were intended** to be granted.

27. The language used in the Amendments where an *enforcement clause* is included, is quite plain and clear: "*The Congress shall have power to enforce this article by appropriate legislation*". This language is used, with slight variations, in Amendments XIII (13), XIV (14),

XV (15), XVIII (18), XIX (19), XXIII (23), XXIV (24), and XXVI (26). These Amendments were adopted both before and after the adoption of the 16th Amendment, so it is impossible for any party to credibly argue that the 16th Amendment established a precedent under which it was no longer necessary for granted powers to specificaally be made enforceable by the Amendment creating them.

28. The enforcement provisions contained in these Amendments extend the powers of Congress that are specifically enumerated in Article One, Section 8 of the Constitution; and have the effect of increasing the *enforcement* powers of Congress and diminishing the legal control of the individual states over certain subject matters.

29. The *Necessary and Proper Clause* served as the model for the "*enforcement*" clauses of the Thirteenth, Fourteenth, and Fifteenth Amendments, and the latter have always been construed as analogous to the former. *See Civil Rights Cases* (1883); *Katzenbach v. Morgan* (1966) ("*the* McCulloch v. Maryland *standard is the measure for what constitutes 'appropriate legislation' under Section 5 of the Fourteenth Amendment*").

30. Therefore, because there is no *enabling enforcement clause* in the 16th Amendment to trigger a connection to the Article I *Necessary and Proper* powers, then those enforcement powers that are granted under Article I, Section 8, Clause 18, may **not** be relied upon by the Plaintiff United States, or the district court, under the established and cited, *McCulloch v. State of Maryland* standard, for any legitimate enforcement authority in this instant civil action with regards to the enforcement under the 16th Amendment of the income tax **as a** *direct tax without apportionment*, rather than as an **indirect** tax under Article I, Section 8, Clause 1, in the form of either an *impost, duty,* or *excise,* - where the Article I, Section 8, clause 18, enforcement powers would have been lawfully made applicable to that limited application of the *indirect* taxing powers, if only the IRS had operated within the context of the enforcement of an *impost, duty* or *excise* tax.

> A court may not render a judgment which transcends the limits of its authority, and a judgment is void if it is beyond the powers granted to the court by the law of its organization, even where the court has jurisdiction over the parties and the subject matter. Thus, if a court is authorized by statute to entertain jurisdiction in

a particular case only, and undertakes to exercise the jurisdiction conferred in a case **to which the statute has no application**, the judgment rendered is void. The lack of statutory authority to make particular order or a judgment is akin to lack of subject matter jurisdiction and is subject to collateral attack. 46 Am. Jur. 2d, Judgments § 25, pp. 388-89.

31. In this action, the Plaintiff United States, and the district court as well, appear to have confused the *Necessary and Proper* enforcement powers that are granted under Article I, Section 8, Clause 18, and that do exist in the Constitution to enforce the *indirect* taxing powers of Article I; - **with the complete absence** of any enforcement powers present or granted under the 16th Amendment to enforce the income tax as a *direct unapportioned* tax, without any limitation at all, and with no claimed authority for the application of the tax in that manner other than the 16th Amendment itself, which has **no** *enabling enforcement clause* or enforcement powers as part of its adoption which would allow for the enforcement of the tax as a *direct tax without apportionment* in the district court under authorized, applicable law!

> "However late this objection has been made or may be made in any cause in an inferior or appellate court of the United States, it must be considered and decided before any court can move one further step in the cause, as any movement is necessarily the exercise of jurisdiction. Jurisdiction is the power to hear and determine the subject matter in controversy between parties to a suit, to adjudicate or exercise any judicial power over them;" *State of Rhode Island v. The State of Massachusetts*, 37 U.S. 709, 718 (1838)

32. And of course, previous to the adoption of the 16th Amendment, all ***direct*** taxes authorized under the Constitution, irrefutably and inarguably had to be *apportioned* to the States for collection under the yet unrepealed, unamended, and un-contradicted Article I, Section 2, Clause 3; and therefore no enforcement powers related to the enforcement of any *apportioned* **direct** tax could ever possibly affect, effect, or reach, the individual *person* or citizen as a *taxpayer*, **consistent** with the requirements of the Constitution, because under the U.S. Constitution, **only** the State (Treasuries) were **required to pay** the ***direct*** taxes, **after** *apportionment* !

33. Where there is **NO** legal authority **granted** under the 16th Amendment **to enforce** by appropriate legislation the power to tax that is granted, and none assumable under Article I, Section 8, then there is no legitimate authority or power vested in the Congress to write *new* law to do so. Without the authority to write applicable law being given to Congress, no statute can be invoked by the district court to take jurisdiction over the Complain (under), in order to enforce the Complaint with law as a *direct unapportioned* tax. Without applicable enforcement statutes, the district court lacks the ability to show and take a *subject-matter jurisdiction* over the civil enforcement action, and to entertain it as argued and factually enforced in operational practice of the I.R.S.

> "There is a presumption against existence of federal jurisdiction; thus, party invoking federal court's jurisdiction bears the burden of proof. 28 U.S.C.A. §§ 1331, 1345; Fed. Rules Civ. Proc. Rule 12(h)(3), 28 U.S.C.A. 1340"

34. Without *subject-matter jurisdiction* to entertain the action, the district court must dismiss the action with prejudice. It has no other choice.

> "A court lacking subject-matter jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking. 28 U.S.C.A. §1330-1369."

35. Congress **cannot write law** to enforce a power that it is **not** specifically authorized by the U.S. Constitution to be enforced, - because it is never made enforceable therein.

> "There is no discretion to ignore lack of jurisdiction." *Joyce v. U.S.*, 474 2D 215

## MOTION TO DISMISS FOR LACK OF JURISDICITION

36. Therefore, under the specific language of the 16th amendment to the U.S. Constitution, and specifically because of the irrefutable **lack** of any *enabling enforcement clause* (**not**) contained therein, Defendant respectfully moves this court to **dismiss** this action now, **with** *prejudice*, for a total **lack** of the required *subject-matter jurisdiction* of the district court that can be taken over this action, necessary and required for the court to be able to lawfully

Case: 3:16-cv-00095-GFVT Doc #: 78 Filed: 03/15/18 Page: 16 of 18 - Page ID#: 1535

entertain this action any further to enforce the claims for the *direct unapportioned* tax the plaintiff has brought to this court against a party other than the "*several States*".

> "In a long and venerable line of cases, the Supreme Court has held that, without proper jurisdiction, a court cannot proceed at all, but can only note the jurisdictional defect and dismiss the suit. See, *e.g., Capron v. Van Noorden*, 2 Cranch 126; *Arizonans for Official English v. Arizona*, 520 U.S. 43 (1997), 117 S. Ct. 1055, 137 L. Ed. 2d 170. *Bell v. Hood, supra; National Railroad Passenger Corp. v. National Assn. of Railroad Passengers*, 414 U.S. 453, 465, n. 13; *Norton v. Mathews*, 427 U.S. 524, 531; *Secretary of Navy v. Avrech*, 418 U.S. 676, 678 (per curiam); *United States v. Augenblick*, 393 U.S. 348; *Philbrook v. Glodgett*, 421 U.S. 707, 721; and *Chandler v. Judicial Council of Tenth Circuit*, 398 U.S. 74, 86-88, distinguished. For a court to pronounce upon a law's meaning or constitutionality when it has no jurisdiction to do so is, by very definition, an *ultra vires* act." Pp. 8-17." *Steel Co., Aka Chicago Steel & Pickling Co. v. Citizens for a Better Environment*, No. 96-643, 90 F.3d 1237 (1998)

## EXHIBITS in SUPPERT

1. Exhibit A. subject-matter jurisdiction of federal courts to enforce tax law.
2. Exhibit B. Personal jurisdiction of the federal courts to enforce income tax law.
3. Exhibit C. Constitutional questions, Congressional research service.
4. Exhibit D. Treasury Department, defendant not made liable for 1040 tax.
5. Exhibit E. Parallel table of authorities, enforcement authority only in title 27.
6. Exhibit F. Department of the treasury, no enforcement authority.
7. Exhibit G. Criminal investigation division 1132.75, defendant not subject to tax.
8. Exhibit H. U.S. statutes at large, persons subject to indirect tax on income.

## DEMAND FOR RELIEF

37.  Defendant demands this court will now ***dismiss*** this Complaint ***with prejudice*** for a complete **lack** of the *subject-matter jurisdiction* of the district court over this action as argued by the Plaintiff; for the complete lack of **constitutional authority** of the plaintiff United States ***to use written law*** as the legal basis for this Complaint to enforce the *income* taxing powers of the 16th Amendment as a *direct unapportioned* tax against an individual defendant, rather than the "*several States*" as constitutionally required; when there is **no** enabling *enforcement clause*

as part of the 16th Amendment to authorize the Congress to write any legislation or statutes to enforce a *direct unapportioned* tax upon the individual defendants.

38. Therefore, the district court is irrefutably constitutionally **deprived** of the lawful ability to take a valid, fully granted *subject-matter jurisdiction* of the court over the action that has been filed by the Plaintiff United States, seeking enforcement against an individual defendant of its I.R.S'. *defacto practice* of operating under the 16th Amendment to administratively impose, collect, and enforce a *direct unapportioned* tax on all *income*; - instead of operating in a constitutionally *dejure* manner, under the enforceable authorities of Article I, Section 8, - to enforce the <u>measurement of the amount</u> of the *Impost, Duty* or *Excise* tax, using the *taxable income* that is <u>derived from the underlying taxable activity</u> that is subject to the ***indirect*** *Impost, Duty,* or *Excise* tax.

> Duties and imposts are terms commonly applied to levies made by governments on the **importation or exportation** of commodities. Excises are 'taxes **laid upon** the **manufacture, sale, or consumption of commodities** within the country, **upon licenses** to pursue certain occupations, and **upon corporate privileges.**' Cooley, Const. Lim. 7th ed. 680. ... If we are correct in holding that this is an *Excise* tax, there is nothing in the Constitution requiring such taxes to be apportioned according to population. *Pacific Ins. Co. v. Soule,* 7 Wall. 433, 19 L. ed. 95; *Springer v. United States,* 102 U.S. 586 , 26 L. ed. 253; *Spreckels Sugar Ref. Co. v. McClain,* 192 U.S. 397 , 48 L. ed. 496, 24 Sup. Ct. Rep. 376." *Flint v. Stone Tracy Co.,* 220 US 107, 151-152 (1911)

> "Whether the tax is to be classified as an "excise" is in truth not of critical importance. If not that, it is an "impost" (*Pollock v. Farmers' Loan & Trust Co.,* 158 U. S. 601, 158 U. S. 622, 158 U. S. 625; *Pacific Insurance Co. v. Soule,* 7 Wall. 433, 74 U. S. 445), or a "duty" (*Veazie Bank v. Fenno,* 8 Wall. 533, 75 U. S. 546, 75 U. S. 547; *Pollock v. Farmers' Loan & Trust Co.,* 157 U. S. 429, 157 U. S. 570; *Knowlton v. Moore,* 178 U. S. 41, 178 U. S. 46). **A capitation or other "direct" tax it certainly is not.**" *Steward Mach. Co. v. Collector,* 301 U.S. 548 (1937), at 581-2

Respectfully submitted,

*/s/ John Steele*

John Steele
502-643-5229
7085 Hearne Rd.
Cincinnati Ohio, [45248]
Johnksteele@msn.com

## CERTIFICATE OF SERVICE

I John Steele hereby certify that on this 12th day of March 2018 a copy of the foregoing was mailed to counsel of record at the following address:

Kyle L Bishop
Trial attorney, tax division
U. S. Department of Justice
P.O. box 227
Washington, DC 20044

I hereby certify that on this's 12th day of March 2018 that I electronically emailed the foregoing document to Robert Kelly

/s/ John Steele
John Steele
502-643-5229
7085 Hearne Rd.
Cincinnati Ohio, [45248]
Johnksteele@msn.com