UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
FRANKFORT

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Civil No. 3:16-cv-00095-GFVT |
| V. | ) |
| JOHN K. STEELE, et al., | ) **MEMORANDUM OPINION** |
| | ) **&** |
| | ) **ORDER** |
| Defendants. | ) |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

The United States of America sued Defendant John Steele on behalf of the Internal Revenue Service over Mr. Steele's failure to pay federal income taxes. In the complaint, the Government seeks a judgment as to Mr. Steele's indebtedness and a tax lien on a farm in Bagdad, Kentucky. Mr. Steele has since filed a number of motions in attempt to dismiss this lawsuit, as has the United States and the Court addresses the most recent of these here.[1] For the following reasons, Mr. Steele's motions are **DENIED** and the motion of the United States is **GRANTED**.

## II

Mr. John K. Steele, a sovereign citizen, believes that he has no duty to pay federal income taxes. [R. 12.] Because of this, he also maintains that the Court lacks jurisdiction to hear this case. *Id*. As a result of his failure to pay taxes, the United States brought this action seeking judgment that Mr. Steele is indebted to the Government as well as a tax lien on Mr. Steele's

---

[1] Mr. Steele also repeatedly claims this Court lacks jurisdiction for this matter. [See, e.g., R. 32 at 2.] While the Court takes notice of Defendant's continued objection to jurisdiction, this Court has already affirmed its jurisdiction over the United States' complaint and over Mr. Steele in this matter. [R. 29 at 1–3.]

property.

A

First, Mr. Steele has filed a Motion to Strike *Ex Parte* Conference for Joint Report of Rule 26(f) Report held on March 2, 2017, because he believes the conference violated a court order. [R. 32.] Mr. Steele claims this Court "ordered that the initial attorneys conference would be stayed until March 3, 2017," and thus, by holding the conference on March 2, the parties violated this order. [R. 32 at 2.]

However, the Rule 26(f) conference was not stayed; this Court granted a stay for the *deadline* of the conference, pushing the deadline from February 17, 2017 to March 3, 2017. [R. 26.] Therefore, the March 2, 2017, Rule 26(f) conference was timely: it was not held in violation of a court order. Mr. Steele received notice of the deadline by receipt of the Court's Order [R. 26], and while a *pro se* litigant is afforded more leniency than litigants represented by legal counsel, such leniency has limits: "Where . . . a *pro se* litigant fails to comply with easily understood court-imposed deadlines, there is no basis for treating that party more generously than a represented litigant." *Pilgram v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

Next, Mr. Steele claims he was not provided notice of the conference.[2] [R. 32 at 2.] In

---

[2] Mr. Steele has also moved for this Court to permit him to file electronically, using the Eastern District of Kentucky CM/ECF system. [R. 35.] Mr. Steele claims he is at an "extreme disadvantage" by using the mail service, citing the cost of paper and mail, his lack of a driver's license or method of transportation, and his responsibility of caring for his ailing mother. *Id.* at 1. In the Eastern District of Kentucky, electronic filing must be completed in accordance with Joint General Order 05-03. LR 5.4. General Order 05-03 states, "A party proceeding *pro se* shall not file electronically, unless otherwise permitted by the court. Pro se filers shall file paper originals of all documents." While exceptions may be granted, this Court sees no reason to grant permission here. To utilize the CM/ECF system for the Eastern District of Kentucky, attorneys must certify they have read and are familiar with the rules of practice of the court and the administrative policies and procedures of electronic filing. Joint General Order 16-03. They must also participate in training classes prior to becoming a filing user, and they must have a PACER account. *Id.* Mr. Steele has not met any of these requirements, nor has he shown a willingness to learn the rules of practice of this Court or the procedures for filing via the CM/ECF system. Furthermore, while Mr. Steele's difficulties are unfortunate, such hardships are not uncommon among other litigants, both those proceeding *pro se* and those represented by legal counsel. The Court empathizes with Mr. Steele's situation, but such does not rise to the level this Court believes would warrant *pro se* access to the Eastern District of Kentucky CM/ECF system. Accordingly, Mr. Steele's Motion for Order to Permit Electronic Filing [R. 35] is **DENIED**.

the Joint Rule 26(f) Report, the other parties indicated they had attempted to contact Mr. Steele, but were unable to do so because he had not provided a working e-mail address or telephone number. [R. 30 at 1.] The Eastern District of Kentucky requires all pleadings to include the "name, address, and telephone number of the filing party's attorney(s) of record or, if the party is not represented by counsel, of the filing party." LR 5.1(a). In addition to these requirements, all *pro se* litigants must include a current telephone number, residential address, and mailing address in their first filing. LR 5.2(d). Failure to provide the required information can result in dismissal (when the *pro se* litigant is the plaintiff) or sanctions. *Id*. Mr. Steele provided his mailing address in his first filing to this Court, however, he did not provide a phone number or e-mail address. [R. 12.] Nor did he offer an explanation for such deficiencies. Prior to this meeting, the United States already requested a fourteen-day extension of the deadline, in part, because they were still attempting to reach Mr. Steele to schedule the conference. [R. 24.] The Order granting that extension was mailed to Mr. Steele, demonstrating to him that the other parties had attempted to contact him. Because the United States did provide its e-mail address, telephone number, and address [R. 24 at 2], Mr. Steele could have then responded to the Government's motion to this Court or contacted the Government to schedule the conference. Fed. R. Civ. Pro. 26 requires parties to confer "as soon as practicable" to plan for discovery. While Mr. Steele may not have had actual notice of the date of the conference, as opposing counsel had been unable to reach him, he had adequate constructive notice of the pending requirement to convene and should have known that other parties would attempt to schedule the required meeting. Mr. Steele's absence at the meeting is a product of his own failure to provide adequate contact information and failure to proceed in this action according to the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Kentucky, not because of any malice or

negligence of another party. Accordingly, Defendant's Motion to Strike the Rule 26(f) Report [R. 32] is **DENIED.**

B

In his next motion, Mr. Steele filed a Mandatory Judicial Notice and Motion for Sanctions, requesting this Court to sanction the United States' Attorney, Mr. Kyle Bishop, for his "disregard for due process." [R. 46.] On May 1, 2017, the United States filed a motion electronically for Partial Summary Judgment against Mr. Steele. [R. 41.] This motion was served on Mr. Steele via United States Postal Service, but was returned to Mr. Bishop undelivered. [R. 46 at 1.] Mr. Bishop immediately contacted Mr. Steele on June 7, 2017, when he received the returned motion. *Id.* Mr. Steele received an e-mailed copy of the motion on June 7, 2017, the same day as Mr. Bishop's phone call. *Id.* Though Mr. Steele did not receive the motion until five weeks after it was filed, this Court has not yet entered a scheduling order for this matter to set deadlines for dispositive motions, nor has this Court ruled on the Government's Motion for Partial Summary Judgment. Though the five week delay did not permit Mr. Steele to answer within twenty-one (21) days, as required by Local Rule 7.1, the Court will afford Mr. Steele more leniency as a *pro se* litigant.[3] Mr. Steele's Response was filed on June 19, 2017, within twenty-one days of receiving the United States' motion via email, thus, this Court will permit an extension of the deadline in this case to consider Mr. Steele's Response [R. 47] timely. Therefore, any delay in Mr. Steele receiving the Motion has not caused any undue hardship or prejudice for him.

The Court finds no basis to sanction Mr. Bishop. The record does not reflect any dishonesty or malicious behavior on behalf of Mr. Bishop. Accordingly, Mr. Steele's Motion for

---

[3] Courts generally apply a less stringent standard to pleadings made by *pro se* litigants. *See Pilgram v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Sanctions against Mr. Bishop [R. 46] is **DENIED**.

## C

Additionally, Mr. Steele has filed a counterclaim against the United States, citing a failure to adequately "establish and disclose clear explanations of the [tax] laws" as a defense to this lawsuit. [R. 44.] The United States filed their complaint against Mr. Steele on December 2, 2016, and Mr. Steele was personally served on December 10, 2016, at his residence in Cincinnati, Ohio. [R. 1; R. 4.] Rather than file an Answer within 21 days, as required by Fed. R. Civ. Pro. 12(a)(1)(A), Mr. Steele sent the United States a letter on December 27, 2017, stating his response would be filed within the next thirty (30) days. [R. 6.] On January 30, 2017, Mr. Steele filed his Answer, without stating any counterclaims or cross-claims. On May 30, 2017, Mr. Steele filed a counterclaim against the United States, claiming a failure to adequately "establish and disclose clear explanations of the [tax] laws." [R. 44.] The United States moved to dismiss this Counterclaim on July 6, 2017. [R. 53]. Mr. Steele filed an Opposition to R. 53 Motion to Dismiss Counterclaim [R. 54], which the Court construes as a Response to the United States' Motion to Dismiss. Mr. Steele then filed a Motion to Strike the United States' Motion [R. 55], claiming the motion violated Local Rule 7.1(c). This Court addresses each of these filings.

## 1

First, Mr. Steele's claim against the United States is a compulsory counterclaim, as defined by Fed. R. Civ. Pro. 13(a), because it is against the United States, an opposing party, and arises from the same transaction or occurrence that is the subject matter of the United States' complaint. Compulsory counterclaims must be stated in the pleadings. Therefore, Mr. Steele cannot assert a counterclaim via a motion. Fed. R. Civ. Pro. 13(a)(1).

As a *pro se* litigant, the Court can construe this motion as a Motion to Dismiss the Government's complaint for failure to state a claim.[4] Mr. Steele is claiming the United States cannot sue him for unpaid taxes when these unpaid taxes were not adequately explained or established, or that the United States has failed to file a claim upon which relief may be granted pursuant to Rule 12(b)(6). [R. 44.] A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the Plaintiff's complaint. In reviewing a Rule 12(b)(6) motion, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). The Supreme Court explained that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). See also *Courier v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009).

Mr. Steele claims that the United States cannot collect income tax from him because the Government has not provided a clear basis of the tax laws. [R. 44 at 3.] Article One, Section Eight of the United States Constitution grants the United States Congress the power to lay and collect taxes. The Sixteenth Amendment to the Constitution grants Congress the power to lay and collect taxes on income, from whatever source derived. Title 26 U.S.C. § 1 mandates a tax on all income and outlines the tax rates for income of different individuals. Indeed, the United States has provided ample notice and explanation for taxes on Mr. Steele's income.

---

[4] Courts generally apply a less stringent standard to pleadings made by *pro se* litigants. *See Pilgram v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Furthermore, 26 U.S.C. § 7421 prohibits any suit brought for the purpose of restraining the assessment or collection of tax. This Court has no jurisdiction when a litigant brings a suit in violation of § 7421. See *Daulton v. United States*, 76 Fed. App'x 652, 654 (6th Cir. 2003). Mr. Steele advances several theories he believes bars the United States from collecting his federal income tax, but each theory is proposed in an effort to convince this Court to enjoin the collection of his tax. Thus, the Court has no jurisdiction to hear this motion, whether the Court construes it as a Counterclaim or as a Motion to Dismiss. Mr. Steele's Counterclaim [R. 44] is **DENIED** and the Government's Motion to Dismiss the Counterclaim [R. 53] is **GRANTED**.

**2**

Next, Mr. Steele filed a Mandatory Judicial Notice and Motion to Strike the Motion to Dismiss by the United States, claiming the Motion at R. 53 violated Local Rule 7.1(c). [R. 55.] Civil LR 7.1(c) requires a party opposing a motion to file a response within twenty-one days of service of the motion, then the party who filed the original motion has fourteen days from service of the response to file a reply. However, a Motion to Dismiss is not a "response" or a "reply" as discussed in LR 7.1(c). The United States asserted a defense Fed. R. Civ. Pro. 12(b)(6), which can be stated in a pleading, motion, or at trial. Defenses under Fed. R. Civ. Pro. 12(b)(6) are not "responses" or "replies" subject to the 21 day requirement of Local Rule 7.1(c). Therefore, Mr. Steele's Motion to Strike [R. 55] is **DENIED**.

**D**

Finally, Mr. Steele has filed another Motion to Dismiss for lack of jurisdiction. [R. 78.] This Court has repeatedly affirmed jurisdiction over this matter and Mr. Steele. [R. 29; 76.] Mr. Steele, however, refuses to acknowledge this determination and continues to file motions asserting that this Court has neither subject-matter jurisdiction nor personal jurisdiction to hear

this matter. He is incorrect. Because this Court has already addressed his concerns [R. 29], Mr. Steele's Motion is denied as moot.

## III

After reviewing Mr. Steele's various attempts to dismiss this lawsuit, the Court finds no basis for his claims. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant Steele's Motion to Strike [**R. 32**] is **DENIED**;

2. Defendant Steele's Motion to Permit CM/ECF Filing [**R. 35**] is **DENIED**;

3. Defendant Steele's Motion for Sanctions [**R. 46**] is **DENIED**;

4. Plaintiff United States' Motion to Dismiss [**R. 53**] is **GRANTED** and Defendant Steele's Counterclaim [**R. 44**] is **DISMISSED WITH PREJUDICE**;

5. Defendant Steele's Motion to Strike [**R. 55**] is **DENIED**; and

6. Defendant Steele's Motion to Dismiss [**R. 78**] is **DENIED AS MOOT**.

This the 26th day of March, 2018.

Gregory F. Van Tatenhove
United States District Judge