UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
FRANKFORT

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | |
|                        ) | Civil No. 3:16-cv-00095-GFVT |
|        Plaintiff,      ) | |
|                        ) | |
| V.                        ) | **MEMORANDUM OPINION** |
|                        ) | **&** |
| JOHN K. STEELE, KIMBERLY A.     ) | **ORDER** |
| FLAKE, DUTTON & SALYERS, PLLC,     ) | |
| KENTUCKY DEPARTMENT OF     ) | |
| REVENUE, and SHELBY ENERGY     ) | |
| COOPERATIVE, INC. | |
| | |
|        Defendants. | |

*** *** *** ***

Defendant John K. Steele considers himself a "sovereign citizen," and this matter arises from Mr. Steele's failure to pay federal income tax to the Government of the United States of America. In their complaint, Plaintiff United States seeks two forms of relief: (1) a judgment of Mr. Steele's indebtedness to the United States of America, and (2) a tax lien and foreclosure on Mr. Steele's property located in Bagdad, Kentucky. [R. 1 at 4–5.] In regards to the tax lien, the United States included as defendants in their complaint any entity they believed might have an interest in the real property located in Bagdad, Kentucky, including Defendant Kimberly A. Flake, formerly Kimberly A. Steele. *Id.* at 2. Today, the United States has moved for Partial Summary Judgment against Ms. Flake, seeking judgment in its favor as to the priority of the federal tax liens encumbering the real property located at 1058 Jacksonville Road, Bagdad, Kentucky. [R. 57.] For the following reasons, the United States' motion is **DENIED**.

# I

When evaluating a motion for summary judgment pursuant to Federal Rule of Civil Procedure, the Court must review the facts and draw all reasonable inferences in favor of the non-moving party. *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

Ms. Flake married Defendant John K. Steele on August 2, 1975. [R. 62 at ¶2.] In what appears to be February of 1997, Ms. Flake (as Mrs. Steele) and Mr. Steele signed a "Contract for Deed" with James and Nora Rogers to convey the Jacksonville Road Property in exchange for $80,000, to be paid in eight yearly installments of $10,000 beginning February 12, 1997. [R. 65-1.] This contract allowed Mr. and Mrs. Rodgers to continue use of certain portions of the property, "[u]ntil such time as the completion of deed." *Id.*

On October 16, 2003, Ms. Flake filed for divorce in Shelby County. [R. 62 at 1.] The Contract for Deed agreement was recorded several months later on February 6, 2004, in Shelby County, Kentucky. [R. 65-1 at 2.] And then, the Family Court Judge entered a Limited Decree of Dissolution, dissolving Ms. Flake's marriage to Mr. Steele as of April 12, 2004. During the divorce proceedings, on December 11, 2006, the United States assessed taxes against Mr. Steele for the 2000, 2001, 2003, and 2004 tax years. [R. 57-1 at ¶ 3.] Ms. Flake acknowledges these assessments. [R. 62 at ¶ 11.]

The United States recorded notices of a Federal Tax Lien on "all property and rights belonging to" Mr. Steele with the Shelby County Clerk's Office in Shelbyville, Kentucky on July 20, 2007. [R. 57-1 at ¶ 5.] Ms. Flake also acknowledges this recording. [R. 62 at ¶ 12.] The United States did not file tax liens against Ms. Flake.

The divorce became final on November 19, 2007, at which time the Shelby County

Family Court awarded Ms. Flake the Jacksonville Road Property, but gave Mr. Steele the option to "retain ownership" if he paid Ms. Flake $225,000 within sixty (60) days of the order.  [R. 57-5.]  Mr. Steele never paid Ms. Flake, and on April 3, 2017, Ms. Flake and the Estate of Nora Rogers (both Mr. and Mrs. Rogers are now deceased) executed a general warranty deed of conveyance "in consideration of the satisfaction of the terms and conditions" of the 1997 Contract for Deed for the Real Property.  [R. 62-4.]

Now, the United States seeks to foreclose tax liens on the Jacksonville Road Property.  [R. 57-1 at 1.]  Ms. Flake acknowledges the tax assessments filed against Mr. Steele [R. 62 at ¶ 11] and acknowledges the United States recorded its tax liens in the Shelby County Clerk's Office [R. 62 at ¶12.]  Ms. Flake, however, denies that Mr. Steele ever held legal rights to the property.  [R. 62-7 at 2.]  The United States maintains Ms. Flake and Mr. Steele acquired legal rights to the Real Property in 1997, at the signing of the Contract for Deed.  [R. 57-1 at 1.]  Ms. Flake disagrees, stating that the Contract for Deed was not a deed under Kentucky law, and that the property remained titled to Mr. and Mrs. Rodgers, and subsequently, their estates, until April 3, 2017, when the Deed of Conveyance was executed, titling the Real Property to Ms. Flake.  [R. 62-7 at 4–6.]

## II

## A

Plaintiff United States seeks a tax lien pursuant to 26 U.S.C. § 6321, which allows in certain circumstances the United States to acquire a lien "upon all property and rights to property, whether real or personal, belonging to such person."  The United States seeks partial summary judgment to show that this tax lien has priority over Ms. Flake's interest in the property.  The question of "whether and to what extent the taxpayer had 'property' or 'rights to

property' to which the tax lien could attach" is governed by state law. *Aquilino v. United States*, 363 U.S. 509, 512–13 (1960); *United States v. Brosnan*, 363 U.S. 237, 240 (1960). However, once a tax lien attaches to the taxpayer's state-created interest, federal law determines the priority of any competing liens asserted against the taxpayer's "property" or "rights to property." *Aquilino*, 363 U.S. at 513–14 (citations omitted).

Since the United States requested a determination of priority of their lien, this Court first turns to the federal law. Priority for a tax lien is governed by the common-law principle "first in time, first in right." *United States by and through IRS v. McDermott*, 507 U.S. 447, 449 (1993) (citations omitted). Tax liens are not automatically awarded priority over all other liens. *Id.* To have priority over other liens, the tax lien must be perfected prior to the other liens. *Id.* at 450. A tax lien under § 6321 is not valid against a subsequent purchaser or holder of security interest unless perfected in accordance with 26 U.S.C. § 6323(a). Perfection of tax liens against real property is completed in accordance with state law. 26 U.S.C. § 6323(f). For property in Kentucky, "a notice of the federal tax lien must be recorded in the office of the clerk of the county within which the property subject to the lien is located." *In re Dave Thomas Co.*, 51 B.R. 66, 70 (Bankr.W.D.Ky. 1985); 26 U.S.C. § 6323(f)(1)(A)(ii); KRS 382.480(1). Additionally, federal tax liens to property owned at the time of assessment, as well as after-acquired property. *Glass City Bank of Jeanette, Pa. v. United States*, 326 U.S. 265, 267–68 (1945).

Ms. Flake filed the Contract for Deed for the Real Property with the Shelby County Clerk on February 6, 2004. [R. 57-6.] The recorded contract serves as notice of the contract, for the purpose of priority, to all persons. KRS 382.100. The United States filed a Notice of Federal Tax Lien on July 20, 2007, with the Shelby County Clerk. [R. 57-7.] Not until April 20, 2017, did Ms. Flake record a deed in which the Nora Rogers Estates conveyed legal title to the Real

Property to Ms. Flake.  [R. 62-4.]  Ms. Flake does not dispute these facts.  [R. 62.]

Perfection of the United States' tax lien occurred upon filing notice on July 20, 2007.  *In re Dave Thomas Co.*, 51 B.R. at 70; 26 U.S.C. § 6323(f)(1)(A)(ii); KRS 382.480(1).  Thus, the perfection of the tax lien occurred prior to execution and filing of the deed granting Ms. Flake legal title to the Real Property in 2017.  Priority is awarded according to the "first in time" rule, and the tax lien was filed prior to the deed. Therefore, because Ms. Flake does not dispute the dates of filing, a valid lien against Mr. Steele's property and rights in property filed on July 20, 2007, would have, as a matter of law, priority over a deed filed on April 20, 2017.

## B

The true issue at hand is whether the lien is valid.  Ms. Flake asserts that Mr. Steele never owned the Real Property.  If Mr. Steele never owned the property, Mr. Steele has no interest or rights in the real property to which the tax lien could attach, and thus, the United States has no security interest for which to assert priority.  The question of "whether and to what extent the taxpayer had 'property' or 'rights to property' to which the tax lien could attach" is governed by state law.  *Aquilino v. United States*, 363 U.S. 509, 512–13 (1960); *United States v. Brosnan*, 363 U.S. 237, 240 (1960).  A tax lien attaches to both "property" and "rights to property."  *In re Jones*, 186 B.R. 71, 76 (Bankr.W.D.Ky. 1995) (citing *Sebastian v. Floyd*, 585 S.W.2d 381, 383 (1979)).  While it appears Mr. Steele never possessed legal title to the property, this does not preclude "rights to property" which Mr. Steele might have had at the time the United States filed the tax lien.  "Under Kentucky Law, a Contract for Deed works as an equitable conversion of title."  *Id.*  When executing a contract for deed, equitable title passes to the buyer upon execution of the contract, but the seller retains legal title until the buyer has paid the contract price.  *Fay E. Sams Money Purchase Pension Plan v. Jansen*, 3 S.W.3d 753, 758 (Ky. Ct. App. 1999) (citing

*Sebastian v. Floyd*, 585 S.W.2d 381, 382 (1979)).  Under Kentucky law, tenants in common take an undivided one-half interest in the property.  *Preston et al. v. Preston's Administratrix*, 53 S.W.2d 957, 961 (Ky. 1932) (citing *Mastin v. Mastin's Administrator*, 50 S.W.2d 77, 79 (Ky. 1932)).

The Court may only grant summary judgment if the United States can demonstrate an absence of genuine dispute as to any material fact.  Fed. R. Civ. Pro. 56.  "A genuine dispute exists on a material fact, and thus summary judgment is improper, if the evidence shows 'that a reasonable jury could return a verdict for the nonmoving party.'"  *Olinger v. Corp. of the President of the Church*, 521 F. Supp. 2d 577, 582 (E.D. Ky. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).  Furthermore, as the moving party, the United States has the burden of demonstrating an absence of evidence to support Ms. Flake's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Indeed, Mr. Steele never had legal title to the property, as legal title passed from the Nora Roberts Estate directly to Ms. Flake in 2017.  However, when Mr. Steele and Ms. Flake entered into the contract for deed, under Kentucky law, equitable title passed to Mr. Steele and Ms. Flake as tenants in common[1] to the extent of the payments made thereon.  *See Slone v. Calhoun*, 386 S.W.3d 745, 748 (Ky. Ct. App. 2012).  The divorce decree did not grant Ms. Flake full interest in the property until November 19, 2007, after the lien was filed.  When the tax lien was filed on July 20, 2007, if Mr. Steele still had interest in the property, he maintained equitable title as tenant in common with Ms. Flake.  At the most, Mr. Steele possessed an undivided, one-half equitable interest in the property.

---

[1] The deed does not contain any language indicating rights of survivorship.  When real estate is conveyed to a husband and wife, the married couple takes the property as tenants in common, unless the right to survivorship is expressly created in the deed.  KRS 381.050.

But, when drawing inferences in favor of Ms. Flake as the non-moving party, the timing of these motions create genuine issues of material fact. *See Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001). The Family Court entered a decree dissolving the marriage in April, 2004. Property acquired after a legal decree of separation is not marital property. KRS 403.190(2). Legal title was not established until 2017, long after the dissolution of marriage in 2004. But equitable property rights could have passed prior to the dissolution decree, and thus would be marital property under KRS 403.190(3), giving Mr. Steele an interest in the Real Property.

For this motion, this Court must draw all reasonable inferences in favor of the nonmoving party. *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001) (citing *Liberty Lobby*, 477 U.S. at 255). The United States cites to *Crytser v. United States*, No. 06-cv-175, 2006 WL 3203585, at *8 (E.D.Wash. Nov. 2, 2006), claiming this authorizes tax liens over equitable property interest. However, in *Crytser*, the parties did not dispute that Mr. Crytser held full legal and equitable title, and thus "held a property interest to which the tax lien could properly attach. . . . The tax lien attached when Mr. Crytser held full legal and equitable title to the subject property." *Id.* at *8. This case suggests that the lien could only attach once Mr. Cryster held *both* legal and equitable title.

Furthermore, recent Kentucky case law suggests that in divorce proceedings, the ownership interests may change prior to the issuance of the final decree. *See Stone v. DuBarry*, 513 S.W.3d 325, 328 (Ky. 2016) (discussing how the parties were not on notice of the lien at the time of property settlement negotiations and how lack of notice during negotiations would preclude an attorney's lien); *see also Stone*, 513 at 336 (party ceded any ownership interest prior to final judgment/decree and therefore, upon the filing of the lien, the party had no interest upon which the lien could attach) (Keller, J., concurring). While the final judgment was not entered

until November 19, 2007, Ms. Flake's marriage to Mr. Steele was formally dissolved as of April 12, 2004, well before the United States filed tax liens against any property interest Mr. Steele might have. Evidence as to the existence and/or extent of Mr. Steele's interest in the Bagdad, Kentucky farm is material to determination of whether the United States has a valid tax lien against Ms. Flake's property. The United States has not provided any evidence to show that Mr. Steele held any interest as of July 20, 2007, other than to show a potential for equitable interest he gained through his marriage to Ms. Flake. Therefore, this Court cannot grant summary judgment as to Mr. Steele's interest in the Real Property.

### III

If Mr. Steele has any interest upon which the United States' tax lien may attach, that lien has priority over any other property interests filed after July 20, 2007. However, the United States has failed to demonstrate the absence of a genuine issue of material fact as to the existence of any interest held by Mr. Steele at that time. Accordingly, and the Court sufficiently advised, it is hereby **ORDERED** that the Plaintiff United States Motion for Partial Summary Judgment against Defendant Kimberly A. Flake [**R. 57**] is **DENIED**.

This the 28th day of March, 2018.

Gregory F. Van Tatenhove
United States District Judge