UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| UNITED STATES OF AMERICA, , ) | |
| ) | |
| Plaintiff, ) | Civil No. 3:16-cv-00095-GFVT-EBA |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION AND** |
| JOHN K. STEELE, ) | **ORDER** |
| ) | |
| Defendant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant's Motion for Recusal pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455. [R. 97.] For the following reasons, Defendant's motion is **DENIED**.

**I**

The United States of America sued Defendant John Steele on behalf of the Internal Revenue Service over Mr. Steele's failure to pay federal income taxes. In the complaint, the Government seeks a judgment as to Mr. Steele's indebtedness and a tax lien on a farm in Bagdad, Kentucky. The Court has already granted the United States partial summary judgment in this matter. [R. 69.] Since filing of the Complaint, Mr. Steele, proceeding *pro se*, has filed a number of motions in attempt to dismiss this lawsuit. On December 20, 2018, Mr. Steele filed the most recent in his litany of motions: a Motion for Recusal, a Motion for Due Process and Hearing, and a Motion to Void Order of Partial Summary Judgment. [R. 97; R. 98; R. 99.]

## II

### A

Under § 144, whenever a party to a proceeding in district court makes a motion and files a sufficient affidavit "that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party," the judge must recuse. A party may only file one of these motions in any case, and that motion must be accompanied by a certificate from the counsel of record stating that the motion was made in good faith. 28 U.S.C. § 144. It is well settled that 28 U.S.C. § 455 "must be construed *in para materia*" with § 144. *United States v. Story*, 716 F.2d 1088, 1091 (6th Cir. 1983). Under both statutes, recusal is not subjective and is required "if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990).

Mr. Steele filed his motion without a "certificate from the counsel of record stating that it is made in good faith," as required by § 144. 28 U.S.C. § 144. The Court is mindful of the standard applicable to pro se litigants. *See Spotts v. United States*, 429 F.3d 248, 249 (6th Cir. 2005). Where a party is without representation, *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, the Court is not at liberty to ignore the plain-language requirements of §§ 144 and 455. Because Mr. Steele has not complied with the statutory requirement, his motion must be denied. *Scott v. Metropolitan Health Corp.*, 234 F. App'x 341, 352–53 (6th Cir. 2007).

But even if this Court were to overlook Mr. Steele's lack of proper certification, his motion still fails. "[D]isqualification under section 455(a) must be predicated as previously under

section 144, upon extrajudicial conduct rather than on judicial conduct." *United States v. Story*, 716 F.2d 1088, 1091 (6th Cir. 1983). "'Personal' bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases." *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989) (quoting *Demjanjuk v. Petrovsky*, 776 F.2d 571, 577 (6th Cir. 1985)). It is well established that personal bias cannot arise from the Court's view of the law, and "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Judges are presumed to be impartial, and the moving party carries the burden of proving otherwise. *Scott v. Metropolitan Health Corp.*, 234 F. App'x 341, 352 (6th Cir. 2007).

As grounds for recusal, Mr. Steele alleges that this Court has "plainly demonstrated a favorable bias in this action by providing legal arguments for the plaintiff instead of ruling on the actual erroneous arguments put for by the plaintiff in its pleadings," and "prejudicially provid[ed] arguments, answers, and pleadings for the plaintiff[.]" [R. 97 at 3.] Mr. Steele makes no citation to the record, nor provides any example of an instance in which this Court has "provided legal arguments for the plaintiff." *Id.* Furthermore, Mr. Steele does not identify or allege any extrajudicial source that would allow an inference of personal bias.
Judges are presumed to be impartial, and the moving party carries the burden of proving otherwise. *Scott v. Metropolitan Health Corp.*, 234 F. App'x 341, 352 (6th Cir. 2007).
In addition to failing to comply with the statute, Mr. Steele has failed to carry this substantial burden. *See id.* Mr. Steele's mere assertion that the undersigned has demonstrated personal bias does not form a valid basis for a motion pursuant to 28 U.S.C. §§ 144 or 455.

**B**

Also before the Court is Mr. Steele's Motion for Due Process and a Hearing. [R. 98.] Mr. Steele believes this Court has violated his due process rights because "the record of the court lacks a complete and proper declaration of the fully granted subject-matter jurisdiction of the court that is alleged by the plaintiff can be taken over the action." *Id.* According to Mr. Steele, this "deficiency" is a violation of his due process rights. In light of the arguments therein, the Court construes this pleading as a motion to dismiss for lack of subject matter jurisdiction.

Mr. Steele makes a similar argument in his Motion to Void Order of Partial Summary Judgment. [R. 99.] Here, Mr. Steele moves the court to void its previous order [R. 69] pursuant to Federal Rule of Civil Procedure 60(b)(3) and (b)(4). [R. 99 at 1.] The order is void, he says, due to "the lack of a properly identified, fully declared, constitutionally authorized and enforceable, subject matter jurisdiction of the district court to entertain this action[.]" *Id.* The Court will also construe this motion as a motion to dismiss for lack of subject matter jurisdiction.

This Court has previously addressed Mr. Steele's arguments against the Court's subject-matter jurisdiction. These motions are nothing more than a repetition of those same arguments, dressed in new clothes. Having already considered and denied several such motions to dismiss for lack of subject mater jurisdiction, the Court declines to do so again.

**III**

The Court cautions the Defendant that it is not fooled by window dressing. It is abundantly clear that Mr. Steele doubts this Court's subject-matter jurisdiction. [ *See* R. 12; 72; R. 73; R. 78; R. 91; R. 98; R. 99.] This Court has made it abundantly clear that his doubt is in error. [*See* R. 29; R. 76; R. 81; R. 93.] Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED:**

1. Defendant's Motion for Recusal **[R. 97]** under 28 U.S.C. § 144 and § 455 is hereby **DENIED**;

2. Defendant's Motion for Due Process and a Hearing **[R. 98]** is **DENIED**;

3. Defendant's Motion to Void the Partial Summary Judgment Order of the Court **[R. 99]** is **DENIED**.

This the 11th day of January, 2019.

Gregory F. Van Tatenhove
United States District Judge