UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Civil No. 3:16-cv-00095-GFVT-EBA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| JOHN K. STEELE, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Defendant's Objection and Motion to Compel Plaintiff to Establish Subject Matter Jurisdiction, Motion to Vacate the Order of the Court for Lack of Subject Matter Jurisdiction, and Motion for Extension of Time to Complete Discovery. [R. 101; R. 102; R. 104.] For the following reasons, Defendant's motions are **DENIED**.

**I**

The United States of America sued Defendant John Steele on behalf of the Internal Revenue Service over Mr. Steele's failure to pay federal income taxes. In the complaint, the Government seeks a judgment as to Mr. Steele's indebtedness and a tax lien on a farm in Bagdad, Kentucky. The Court has already granted the United States partial summary judgment in this matter. [R. 69.] Since filing of the Complaint, Mr. Steele, proceeding *pro se*, has filed a number of motions in attempt to dismiss this lawsuit. Over and over again, Mr. Steele has repackaged the same untenable argument against this Court's subject-matter jurisdiction in various stylings of pleading. [ *See* R. 12; 72; R. 73; R. 78; R. 91; R. 98; R. 99.] It has only been

one month since the last time that the Court informed Mr. Steele that it has subject matter jurisdiction over this action. [R. 100.]

Using—almost verbatim— the same arguments as his other pleadings, Mr. Steele asks this Court to reconsider its January 11, 2019 Order denying his Motion for Recusal, Motion for a Hearing as to Subject Matter Jurisdiction, and Motion to Void the Partial Summary Judgment Order. [R. 101; R. 102.] The United States has objected to his motions on the grounds that Mr. Steele fails to set forth any reasons why he would be entitled to relief under Federal Rule of Civil Procedure 60. [R. 103.] Following that objection, Mr. Steele filed yet another motion, this time asking to delay discovery until "thirty days after the disclosure of the specific constitutional authorities serving as the foundation to the jurisdiction of the court in this action." [R. 104.] Here again Mr. Steele seeks primarily to challenge the Court's jurisdiction.

## II

### A

Mr. Steele makes essentially the same request in both his Motion to Compel and Motion for Extension of Time to Complete Discovery. [R. 101; R. 104.] Like many before it, Mr. Steele's Motion to Compel asks the Court to order the United States to establish "on the record of the action the specific subject matter jurisdiction under the Constitution that is argued in its complaint." [R. 101 at 1; *see* R. 104 at 1.] His latest motion additionally asks the Court to postpone discovery until "30 days after disclosure of the specific constitutional authorities serving as the foundation to the jurisdiction of the Court in this action." [R. 104 at 1.] Regardless of how he frames it, Mr. Steele apparently wants the United States to address the constitutionality of the taxes he has been found to owe. Because if the tax levied against him is

unconstitutional, he reasons, then this Court has no subject matter jurisdiction over the action, because it cannot enforce an unconstitutional tax. [R. 101 at 2; R. 104 at 3.]

The Judiciary is the arbiter of what laws are and are not constitutional in the United States. Mr. Steele is right that the Courts cannot enforce an unconstitutional law. But whether a law is unconstitutional and whether a court has subject matter jurisdiction to decide so are separate inquiries. To the extent that Mr. Steele lacks clarity on the source of the Court's subject matter jurisdiction over this action, he is directed to refer to the "Jurisdiction and Venue" subsection of the United States' Complaint. [R. 1.]

**B**

In his Motion to Vacate the Order of the Court for Lack of Subject Matter Jurisdiction, Mr. Steele again asks this Court to reconsider its Order [R. 69] granting partial summary judgment to the United States. [R. 102.] The Court has denied several such motions already. [R. 29; R. 76; R. 100.]

Under Federal Rule of Civil Procedure 60(b), the Court may relieve a party from a final judgment or order where there is "newly discovered evidence." Fed. R. Civ. P. 60(b)(2). In his Motion, Mr. Steele includes as an exhibit what he calls "newly discovered evidence" in this matter. [R. 102.] In fact, the "newly discovered evidence" is a complaint filed by the States of New York, Connecticut, Maryland, and New Jersey against the United States Department of Treasury and the Internal Revenue Service. [R. 102-1.] In July, 2018, the aforementioned States jointly sued the Department of Treasury and the IRS "seeking declaratory and injunctive relief to invalidate the new $10,00 cap on the federal tax deduction for state and local taxes ("SALT")." *Id.* Mr. Steele argues that the affidavits filed with this complaint "irrefutably document the substantially different rates of tax that result in each state of the union," and that this is direct

3

evidence of "the complete lack of either the constitutionally required uniformity or the required geographical uniformity that exists under the 1986 IRC Section 1 – Tax imposed." [R. 102 at 3–5.]

Whatever this complaint shows, it is not "evidence" for the purposes of this case. Perhaps it is "newly discovered" in that the suit was initiated after the order granting partial summary judgment to the United States in this case. But the plaintiff-States' argument that the SALT cap is unconstitutional simply has no bearing on the question of Mr. Steele's tax debt, and it does absolutely nothing to undermine the Court's subject matter jurisdiction in this case. Mr. Steele has not demonstrated that he is entitled to relief under Rule 60. Therefore, his Motion [R. 102] is denied.

### III

The last time the Court addressed Mr. Steele's motions contesting subject matter jurisdiction, the Court cautioned him that it "is not fooled by window dressing." [R. 100 at 4.] It was intended to warn Mr. Steele that he may not continue to file the same basic argument against subject matter jurisdiction in pleadings with misleading titles. The Court will not be so oblique this time: this is the last time this Court will rule on the issue of subject matter jurisdiction. Mr. Steele has been afforded adequate opportunity to raise issues about subject-matter jurisdiction over this matter. [ *See* R. 12; 72; R. 73; R. 78; R. 91; R. 98; R. 99.] This Court has devoted considerable time to responding to his argument. [*See* R. 29; R. 76; R. 81; R. 93; R. 100.] Should Mr. Steele attempt to file another, re-packaged argument against this Court's subject matter jurisdiction, he will be PERMANENTLY BARRED AND ENJOINED from filing further pleadings in the Eastern District of Kentucky unless an attorney in good standing is willing to

certify that the pleading is not frivolous and filed in good faith. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED:**

1. Defendant's Objection and Motion to Compel Plaintiff to Establish Subject Matter Jurisdiction **[R. 101]** is **DENIED**;

2. Defendant's Motion to Vacate the Order of the Court for Lack of Subject Matter Jurisdiction **[R. 102]** is **DENIED;**

3. Defendant's Motion for Extension of Time to Complete Discovery **[R. 104]** is **DENIED.**

This the 1st day of March, 2019.

Gregory F. Van Tatenhove
United States District Judge